Affirmed and Opinion filed April 24, 2008








Affirmed and Opinion filed April 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00621-CR

____________

 

EDUARDO RIVERA-REYES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1063915

 



 

O P I N I O N

Appellant Eduardo Rivera-Reyes appeals his conviction for
attempted indecency with a child, asserting factual and legal insufficiency of
the evidence, error by the trial court in admitting hearsay evidence of the
child=s age, and
ineffective assistance of his trial counsel.  We affirm.

 

 








I.  Factual and Procedural
Background

On January 31, 2005, a store security officer saw appellant
enter the store and recognized appellant from a 2004 store security video in
which store employees recorded appellant acting Asuspiciously.@  The officer
alerted the loss-prevention investigator to appellant=s presence in the
store and the investigator recorded appellant=s movements on the
store=s security
monitors.  The investigator, via the recording equipment, observed appellant
continuously move his right hand back and forth within his pants pocket as if
he were stimulating himself.  The investigator saw appellant approach a young
girl in the store=s school-supply aisle.  Appellant appeared
to brush the front of his body against the back of her body several times in a Aprovocative way,@ which the
investigator described as Asuspicious@ behavior.  The
incident was recorded on videotape, but the recording did not capture sound. 
The video depicted appellant speaking to the girl.  The investigator then
approached the girl and appellant in the aisle, and the girl walked away.  The
investigator asked appellant if he knew the girl, to which appellant replied
that he was trying to buy boots and did not know what the investigator was
talking about.  The security officer did not see the incident, but upon the
investigator=s orders, the officer detained appellant.

The investigator spoke with the girl and her mother and
wrote a report based on the information provided.  The girl did not remember
what appellant said to her.  Though the video shows appellant brushing up
against the child from the back, neither the girl nor her mother was aware of
appellant touching the girl.

Appellant was indicted for the felony offense of attempted
indecency with a child, to which he pleaded Anot guilty.@  At a bench
trial, the State presented witness testimony from three store employees and
tendered the 2005 security videotape of the incident.  Neither the appellant,
the child, nor the child=s mother testified.  The trial judge found
appellant guilty and assessed punishment of ten years= confinement.








II.  Issues and Analysis

Appellant presents the following issues for review on
appeal:

(1)     Is the evidence legally and factually
sufficient to support appellant=s conviction?[1]

(2)     Did the trial court err in admitting hearsay
evidence of the child=s age?

(3)     Did
appellant receive ineffective assistance of counsel?

A. 
    Is the evidence legally and factually sufficient to support appellant=s conviction?

In his second and third issues, appellant challenges the
legal and factual sufficiency of the evidence supporting his conviction. 
Appellant claims error in that the investigator offered inadmissible hearsay
regarding the child=s age, an essential element of the crime,
and that no other evidence proved the child=s age.  According
to appellant, because the investigator=s testimony
regarding the child=s age was inadmissible hearsay, the State
failed to prove beyond a reasonable doubt that the child was under seventeen
years of age.  Appellant also alleges legal and factual insufficiency in that
the State adduced no evidence that the child was not appellant=s spouse. 








In evaluating a legal‑sufficiency challenge, we view
the evidence in the light most favorable to the verdict.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is not whether
we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker
v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not
be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

In contrast, when evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence in a neutral light and
inquire whether we are able to say, with some objective basis in the record,
that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414B17 (Tex. Crim.
App. 2006).  It is not enough that this court harbor a subjective level of
reasonable doubt to overturn a conviction that is founded on legally sufficient
evidence, and this court cannot declare that a conflict in the evidence
justifies a new trial simply because it disagrees with the jury=s resolution of
that conflict.  Id. at 417.  If this court determines the evidence is
factually insufficient, it must explain in exactly what way it perceives the
conflicting evidence greatly to preponderate against conviction.  Id. at
414B17.  Our
evaluation should not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  See
Fuentes, 991 S.W.2d at 271.  In conducting a factual‑sufficiency
review, we discuss the evidence appellant claims is most important in allegedly
undermining the jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).








A person commits indecency with a child if, with a child
younger than seventeen years and not the person=s spouse, the
person engages in sexual contact with the child.  Tex. Penal Code Ann. ' 21.11(a)(1)
(Vernon 2003).  ASexual contact@ includes any
touching by a person, including touching through clothing, of the anus, breast,
or any part of the genitals of a child.  Tex. Penal Code Ann. ' 21.11(c)(1)
(Vernon 2003).  A person commits an attempted indecency with a child if, with
specific intent to commit the offense, the person commits an act amounting to
more than mere preparation that tends but fails to effect the commission of the
offense intended.  Id. ' 15.01(a) (Vernon 2003).  Circumstantial
evidence may be used to prove an essential element of the offense charged.  Moore v. State, 969 S.W.2d 4, 10
(Tex. Crim. App. 1998) (inferring intent from circumstantial evidence of
accused=s acts, words, and conduct); Henson
v. State, 173 S.W.3d 92, 101 (Tex. App.CTyler 2005, pet. ref=d) (inferring from circumstantial
evidence that complainant was not appellant=s spouse). 

A
reviewing court considers both properly and improperly admitted evidence in its
sufficiency review and gives the evidence whatever weight and probative value
it could rationally convey to a jury.  Moff v. State, 131 S.W.3d 485,
489 (Tex. Crim. App. 2004).  The investigator indicated that the child=s mother told him
that the girl was born in December 1996, which would make the child eight years
old at the time of the offense.  The investigator=s statement[2]
of the child=s age as well as the videotape depicting the actual
offense are sufficient to establish that the child was under seventeen years of
age when appellant attempted indecency with her.  See id.; Henson,
173 S.W.3d at 101.








Appellant argues that the State produced no evidence to
prove that the child was not appellant=s spouse, which is
another element of the crime of indecency with a child.  See Tex. Penal Code Ann. ' 21.11(a)(1).  The
record reflects the investigator=s testimony that
when the investigator asked appellant if he knew the child, appellant replied
that he Adidn=t know what [the
investigator was] talking about.@  This statement
supports an inference that the child was not appellant=s spouse.  See
Henson, 173 S.W.3d at 101.  Additionally, the fact that the child was eight
years old is enough to support an inference that she was not appellant=s wife, even absent
testimony from the complainant.  See Chavez v. State, 508 S.W.2d 384,
386 (Tex. Crim. App. 1974); see also Ramirez v. State, No.
01-96-00353-CR, 1999 WL 351154, at * 1 (Tex. App.CHouston [1st
Dist.] June 3, 1999, no pet.) (not designated for publication) (AEvidence of the
victim=s age is
sufficient to prove that the victim is not the spouse of the defendant.@); Driver v.
State, No. 01-086-00810-CR,1988 WL 15112, at *2 (Tex. App.CHouston [1st
Dist.] Feb. 25, 1988, pet. ref=d) (not designated for publication)
(approving use of circumstantial evidence to prove rape victim was not
appellant=s spouse). 

Because a rational trier of fact could have found that the
State proved each of the elements of attempted indecency with a child beyond a
reasonable doubt, the evidence is legally sufficient to support appellant=s conviction.  See
McDuff, 939 S.W.2d at 614.  Additionally, in viewing all the evidence in a neutral light,
appellant=s conviction is not Aclearly wrong@ or Amanifestly unjust@ given the weight and preponderance
of the evidence, which we determine to be factually sufficient.  See Watson,
204 S.W.3d at 414B17.  Therefore, we overrule appellant=s second and third
issues.

B.      Did the
trial court err in admitting hearsay evidence of the child=s age?

In his first issue, appellant contends that the trial court
erred in admitting hearsay evidence of the girl=s age, over his
objection, during the State=s direct examination of the store=s loss-prevention
investigator:

[PROSECUTOR]:  Do you recall what [the complainant=s] date of birth was as given to
you by her mother?

[DEFENSE COUNSEL]:  Objection to hearsay, Your
Honor.

[COURT]:  Overruled.  You may answer the question.

[INVESTIGATOR]:  I believe it was December of 1966, December 6th, 1996.








A
trial court=s decision to admit or exclude hearsay evidence is a
matter within the discretion of the trial court.  Salazar v. State, 38
S.W.3d 141, 153B54 (Tex. Crim. App. 2001); Coffin v.
State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).  A ruling within the
bounds of reasonable disagreement will not be disturbed on appeal.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

Hearsay is an out-of-court statement, other than a
statement made while testifying at trial, that is offered into evidence to
prove the truth of the matter asserted.  Tex.
R. Evid. 801(d); Long v. State, 800 S.W.2d 545, 547 (Tex. Crim.
App. 1990).  For hearsay to be admissible, it must fit into an exception
provided by statute or the rules of evidence.  Tex. R. Evid. 802; Long, 800 S.W.2d at 547.  A Amatter asserted@ includes any
matter expressly asserted and any matter implied by a statement if the
probative value of the statement, as offered, stems from the declarant=s belief as to the
matter.  Tex. R. Evid. 801(c). 
In this case, the investigator testified that the girl=s mother, the
declarant, made the out-of-court statement regarding the child=s birth date to
the investigator as he wrote a report of the incident.  Such information
presumably was offered for the truth that the child was a minor under the age
of seventeen.  Upon appellant=s objection, the State did not argue that
such evidence fell within an admissible exception to the hearsay rule, and the
trial court did not indicate the basis of its ruling.  The investigator=s statement that
the mother told him the child was born in December 1996 is hearsay because it
was offered for the truth of the matter that the child was under seventeen
years old.  See Tex. R. Evid. 802;
Tex. R. Evid. 801(d).  The trial
court erroneously overruled appellant=s hearsay
objections to the investigator=s statement and erred in admitting the
investigator=s inadmissible hearsay statement regarding the child=s age.  See Tex. R. Evid. 802; Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 








The admission of inadmissible hearsay constitutes
non-constitutional error subject to the harm analysis rule under Texas Rule of Appellate
Procedure 44.2(b), which requires the reviewing court to disregard
non-constitutional error that does not affect a criminal defendant=s substantial
rights.  See Tex.
R. App. P. 44.2(b); Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim.
App. 2001).  Error affects a substantial right when it has a substantial and
injurious effect or influence in determining the jury=s verdict.  Johnson,
43 S.W.3d at 4.  Such error is harmless if the reviewing court, after examining
the record as a whole, is reasonably assured the error did not influence the
jury verdict or had but slight effect.  See Johnson, 967 S.W.2d at 417. 

An error in the admission of evidence is cured when the
same evidence comes in elsewhere without objection.  Anderson v. State,
717 S.W.2d 622, 627 (Tex. Crim. App. 1986); Hudson v. State, 675 S.W.2d
507, 511 (Tex. Crim. App. 1984).  In this case, the State showed a videotape of
the actual offense without objection from appellant.  The video depicts a young
girl whose features, stature, build, characteristics, clothing, and overall
appearance are obviously those of a child younger then seventeen years of age. 








We first determine whether the video, without direct
testimony, is admissible to prove an essential element of the crime, such as
the child=s age, when the video depicts only the child=s image. 
Circumstantial evidence[3]
is as probative as direct evidence in establishing guilt and may prove any
element of a case.  Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App.
2004); Henson, 173 S.W.3d at 101 (providing elements for attempted
indecency with a child and that A[c]ircumstantial
evidence may be used to prove an essential element of the offense charged.@).  Circumstantial
evidence alone may be enough to support a verdict in a criminal case as long as
the State shoulders its burden of proof of the element beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61
L. Ed. 2d 560 (1979); Kutzner v. State, 994 S.W.2d 180, 186 (Tex. Crim.
App. 1999).  Though no direct testimony of the child=s age was elicited
from the trial witnesses except for the investigator=s inadmissible
hearsay testimony, no formalized procedure is required for the State to prove
the essential elements of the crime.  See Sepulveda v. State, 729 S.W.2d
954, 957 (Tex. App.CCorpus Christi 1987, pet. ref=d) (providing that
no formalized procedure is necessary for identifying appellant, whose identity
is an element of the crime, when other evidence identified appellant as the
perpetrator); see also Wilson v. State, 9 S.W.3d 852, 855 (Tex. App.CAustin 2000, no
pet.) (involving inference for identity, an essential element of the crime of
indecency with a child, through officer=s testimony of the
complainants= description of perpetrator=s van and license
plate number when no other direct evidence existed of defendant=s identity). 
Furthermore, in assessing evidence, fact finders may draw inferences from the
evidence for certain essential elements of a crime.  See Moore, 969 S.W.2dat 10 (inferring mental
state from acts, words, and circumstances without need for direct evidence
thereof); McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981)
(inferring intent for indecency with a child); see also Wilson, 9
S.W.3d at 855 (inferring identity based on officer=s testimony of the
complainants= description of perpetrator=s van and license
plate number); Burden v. State, No. 05-97-01464-CR, 1999 WL 562585, at
*2 (Tex. App.CDallas Aug. 3, 1999) (not designated for publication),
aff=d 55 S.W.3d 608 (Tex. Crim. App. 2001)
(inferring character and content of a video was obscene, an essential element
of crime of promotion of obscenity, by looking at cover of videotape).  In
the case at hand, the trial judge, as fact finder, was easily able to see for
himself that the child in the video could not have been seventeen years or
older.  Indeed, fact finders are free to use their common sense and apply
common knowledge, observations, and experiences gained in the ordinary affairs
of life when giving effect to the inferences that reasonably may be drawn from
the evidence.  United States v. Heath, 970 F.2d 1397, 1402 (5th Cir.
1992); Griffith v. State, 976 S.W.2d 686, 690 (Tex. App.CTyler 1997, pet.
ref=d).








At trial, the State showed the store=s video depicting
appellant and the child, a girl whose appearance cannot be adjudged as being
over the age of seventeen.  By showing the video of the child in the aisle as
the incident occurred, the State proved through circumstantial evidence that
the child was under the age of seventeen.  In addition, throughout trial,
attorneys for both appellant and the State routinely referred to the
complainant as a Alittle girl.@ 

We hold that the
error resulting from the admission of the investigator=s inadmissible
hearsay testimony concerning the child=s date of birth
was rendered harmless when the same facts were shown by other evidence, namely
the store=s security video of the incident, to which appellant
did not object.  See Anderson, 717 S.W.2d at 627 (deeming admission of
hearsay statement harmless when other evidence that did not draw an objection
proved the same thing).  As a result, the improper admission of the hearsay
statement does not constitute reversible error.  See id.  We overrule
appellant=s first issue.

C.      Is
appellant=s conviction reversible based on
ineffective assistance of counsel?

In his final issue, appellant claims he received
ineffective assistance of counsel at trial.  The record reflects that appellant
filed a motion for a new trial alleging multiple grounds of ineffective
assistance of counsel upon which the trial court conducted an evidentiary
hearing. 

Appellant=s motion for a new trial was filed with
the district clerk and stamped with the date of August 15, 2006, one day after
the deadline to file this motion had passed.  When the trial court indicated
that the filing deadline had passed, appellant=s trial counsel
produced his own personal copies of a motion for new trial that were
file-stamped AAugust 11, 2006.@  These copies
were unsigned and unverified, and the trial court included these copies in the
appellate record for review.  The trial judge acknowledged for the record that
he was not conceding that the motion was timely filed.  Instead, the trial
judge conducted the evidentiary hearing and ultimately denied appellant=s motion.








To prove
ineffective assistance of counsel, appellant must show by a preponderance of
the evidence that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding would
have been different but for trial counsel=s deficient performance. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674
(1984); Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
In assessing appellant=s claim, we apply a strong presumption that trial counsel was
competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  We presume that trial counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy, unless that
presumption is rebutted.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Thompson, 9 S.W.3d at 814.  When reviewing a
claim of ineffective assistance, we look to the totality of the representation
and not to isolated instances of error or to only a portion of the trial, to
determine that appellant was denied a fair trial.  Thompson, 9
S.W.3d at 813.

A claim
for ineffective assistance of counsel must be firmly supported in the record.  Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Ordinarily, the
record on direct appeal is not sufficient to show prejudice or that counsel=s representation
was so deficient and so lacking in tactical or strategic decision-making as to
overcome the presumption that counsel=s conduct was
reasonable and professional.  Bone, 77 S.W.3d at 833.  The record is
best developed for these claims by an application for a writ of habeas corpus
or by developing facts and details with a thorough and detailed examination of
the alleged ineffectiveness, as attempted in this case via a motion for new
trial.  See Jackson, 973 S.W.2d at 957. 








However, in this case, the trial court lacked jurisdiction
to hold the hearing on appellant=s motion for new
trial because the motion was not timely filed.  See Tex. R. App. P. 21.4(a); Drew v.
State, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987).  The procedural
provisions governing motions for a new trial demand strict adherence for a
trial court to hold jurisdiction to consider the motion.  Oldham v. State,
977 S.W.2d 354, 361 (Tex. Crim. App. 1998).  An appellant has thirty days after
the judgment and sentence are imposed to file a motion for new trial.  Tex. R. App. P. 21.4(a).  Similarly,
any amendments to the motion for new trial also must be filed within the same
thirty-day period.  Tex. R. App. P.
21.4(b).  Filing an affidavit in support of a motion for new trial more than
thirty days after sentencing results in an untimely attempt to amend the
motion.  See Dugard v. State, 688 S.W.2d 524, 530 (Tex. Crim. App.
1985), overruled on other grounds by Williams v. State, 780 S.W.2d 802,
803 (Tex. Crim. App. 1989); Flores v. State, 18 S.W.3d 796, 798 (Tex.
App.CAustin 2000, no
pet.).  The trial court does not have jurisdiction to rule on an untimely
motion or amendment.

According to the record, the trial court signed the
judgment and imposed the sentence on July 13, 2006.  The record reflects that
the thirty-day deadline for filing a motion for new trial fell on a Saturday,
which then made the actual deadline for filing Monday, August, 14, 2006.  See
Tex. R. App. P. 21.4(a); Tex. R. App. P. 4.1(a).  The
record contains appellant=s signed, verified motion for a new trial
that was file-stamped in the district clerk=s office with the
date of August 15, 2006, one day after the deadline for filing such a motion.  See
Tex. R. App. P. 21.4(a).  Though
appellant=s trial counsel claims to have filed the motion on
August 11, 2006, the only proof of this action is his own unsigned and
unverified copy of the motion bearing an August 11, 2006 file stamp. 
Furthermore, the August 11, 2006 motion was not supported by affidavit.  See
Flores, 18 S.W.3d at 798.  The August 11, 2006 motion could not be
considered by the trial court because motions neither verified nor supported by
affidavits are insufficient as pleadings and fatally defective.  See Dugard,
688 S.W.2d at 529; Beardon v. State, 648 S.W.2d 688, 690 (Tex.
Crim. App. 1983).








Appellant=s August 15, 2006 motion was untimely if
filed as an original motion.  See Tex.
R. App. P. 21.4(a).  If appellant=s verified August
15, 2006 motion were considered to be an amended motion, this amended motion
was not timely filed either.  See Tex.
R. App. P. 21.4(b).  Notwithstanding appellant=s untimely filing
of the August 15, 2006 motion, the trial court conducted an evidentiary hearing
in which live witness testimony was presented. The trial court was without
jurisdiction to conduct the hearing on appellant=s motion for new
trial.  Drew, 743 S.W.2d at 223.  Because the trial court did not have
jurisdiction, this court cannot consider the record created on the motion in
assessing appellant=s ineffective-assistance-of-counsel
claims.  See Morrison v. State, 132 S.W.3d 37, 48 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d).  Without the motion-for-new-trial
hearing, the record is silent as to prejudice or deficiency in trial counsel=s performance;
this court will not speculate as to why trial counsel did or did not do as
appellant alleges.  See Jackson, 877 S.W.2d at 771.  Absent evidence in
the record, appellant cannot overcome the presumption that counsel=s actions amounted
to sound trial strategy or otherwise show that appellant=s trial counsel
was deficient.  See id.; Thompson, 9 S.W.3d at 813; Bone, 77 S.W.3d at 833.  Therefore, we
overrule appellant=s final issue.

The trial court=s judgment is
affirmed.

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered
and Opinion filed April 24, 2008.

Panel consists of
Chief Justice Hedges and Justices Frost and Murphy.*

Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant addresses legal and factual sufficiency of
the evidence in two separate issues, but we review the two issues together and
address these points first.





[2]  In Part B of this opinion, we address appellant=s hearsay argument regarding the admissibility of the
investigator=s statement; however, we review the sufficiency of the
evidence, as rendition points, first.  In a sufficiency review, appellate
courts must consider all evidence both properly and improperly admitted at
trial, which the jury was permitted to consider.  Moff, 131 S.W.3d at
488, 489.





[3]  Circumstantial evidence is direct proof of a
secondary fact that, through logical inference, demonstrates an ultimate fact
to be proven.  Taylor v. State, 684 S.W.2d 682, 684 (Tex. Crim. App.
1984).





*  Senior Chief Justice Paul C. Murphy sitting by
assignment.