**Jimmy Placido CHAVEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47784.**

Court of Criminal Appeals of Texas.

April 24, 1974.

Jerry Hollingsworth, Frank J. Baughman, Amarillo, for appellant.

Tom Curtis, Dist. Atty., John J. Wheir, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was indicted for the offense of rape, alleged to have occurred on July 6, 1965. He plead "guilty", and was assessed the death penalty by a jury on December 14, 1965. We affirmed the original appeal. See Chavez v. State, 408 S. W.2d 714 (Tex.Cr.App.1966). Subsequently, we granted a writ of habeas corpus and remanded the appellant for a new trial. See Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App.1972).

The case was retried on February 6, 1973, at which time appellant plead "Not Guilty." The jury found him guilty, and

the court assessed his penalty at sixty years' confinement. This appeal arises from the second trial.

Appellant's first ground of error urges that the court erred in allowing the State to introduce portions of his testimony at the former trial. Appellant did not testify at the second trial; however, at his first trial he testified in an effort to mitigate punishment. The testimony was highly incriminating and amounted to an admission of guilt. At the second trial, the State produced a transcript of this testimony and had it read into the record, deleting at the court's order those portions referring to appellant's prior plea of guilty.

■ Appellant contends that this action violated his Fifth Amendment privilege under the United States Constitution and Art. 40.08, Vernon's Ann.C.C.P.[1]

This contention has been raised before this Court many times in the past, and has uniformly been held to be without merit. See Collins v. State, 39 Tex.Cr.R. 441, 46 S.W. 933 (1898); Preston v. State, 41 Tex.Cr.R. 300, 53 S.W. 881 (1889-on motion for rehearing); Wooley v. State, 64 S.W. 1054 (Tex.Cr.App.1901); Roberts v. State, 89 Tex.Cr.R. 454, 231 S.W. 759 (1921); and Rodriguez v. State, 130 Tex. Cr.R. 438, 94 S.W.2d 476 (1936). Also see Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968) and Edmonds v. United States, 106 U.S.App.D.C. 373, 273 F.2d 108 (1959). These cases hold or recognize that an accused, taking the stand on his own behalf, waives the privilege, so that his testimony may be used against him at a subsequent trial of the same case.

■ Appellant's second ground of error contends that the court allowed reference to be made to appellant's former plea of guilty in violation of Art. 40.08, supra.

We have examined the testimony which was actually presented and find no references to a plea of guilty. As previously noted, the court instructed that all such references should be deleted before the evidence was presented to the jury.

In his third ground of error, appellant urges that the court should have granted his motion for an instructed verdict because the victim did not testify.

■ It appears that the victim did testify at appellant's first trial, but that she was unavailable at the time of the second trial. No part of her prior testimony was offered by the State. Although he did not argue on this basis at trial, appellant now contends that her absence denied him his right to confrontation of the witnesses against him. It will be observed that the victim was not a witness against appellant since she was not present at the trial and none of her prior testimony was used. Appellant's contention is without merit.

■ Appellant additionally contends, in the same ground of error, that in the absence of the victim's testimony there was no proof of her age or that she was not appellant's wife. This contention is not presented in compliance with Art. 40.09, V.A.C.C.P., was not urged in the trial court, and is therefore not properly before us for review. However, it will be discussed in connection with appellant's fourth ground of error which challenges the sufficiency of the evidence.

■ The State showed, through the testimony of two witnesses, that the victim was between seven and eight years of age at the time of the offense. "The proof in this case showing the prosecutrix to be of the tender age of 8 years, no further testimony would be needed to establish the fact that she was not appellant's wife." See

1. Art. 40.08, V.A.C.C.P., states:
"The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The form-

er conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in argument."

Brown v. State, 112 Tex.Cr.R. 92, 14 S.W. 2d 63, 67 (1929) and cases there cited.

■ Appellant's last contention is that, absent the testimony of the victim, there was insufficient evidence of penetration. When coupled with appellant's judicial confession from the prior trial (see the discussion of ground of error # 1, supra), in which he admitted having sexual intercourse with a "little girl" and that it must have been the complaining witness, the State's evidence, which was substantially the same as that set out in Chavez v. State, supra, was ample.

The judgment is affirmed.