

## NUMBER 13-10-00324-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

PATRICIA SATTLER CROWDER,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

### On appeal from the 24th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Chief Justice Valdez**

Appellant, Patricia Sattler Crowder, was convicted of three counts of forgery, a

state jail felony. *See* TEX. PENAL CODE ANN. § 32.21(b), (d) (Vernon Supp. 2010).[1] The

trial court sentenced Crowder to three concurrent terms of two years' confinement in the

---

[1] Crowder was acquitted of a fourth count of forgery. *See* TEX. PENAL CODE ANN. § 32.21(b), (d) (Vernon Supp. 2010).

Texas Department of Criminal Justice–State Jail Division.[2] By one issue, Crowder contends that she was denied her right to confrontation. *See* U.S. CONST. amend. VI; TEX CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.25 (Vernon 2005). We affirm.

## I.    BACKGROUND[3]

Weldon Marbach suffered debilitating symptoms due to mesothelioma, a disease that affects the lungs. Due to his illness, Marbach was unable to leave his home. Crowder, Marbach's employee, provided home-health assistance to him.

Judy Carter, Marbach's friend, testified that she discovered that several checks, the carbon copies, and several bank statements were missing from Marbach's home. Carter stated that after reviewing the available bank statements and the checks made out to Crowder, she discovered that approximately $18,000 was missing from Marbach's bank account. Carter then called the Sheriff's Department and reported that she suspected that Crowder had stolen and forged Marbach's checks. The next day, Carter confronted Crowder about the checks, and Crowder was fired.

According to Carter, she notified the bank, and the bank personnel instructed her to get a notarized affidavit from Marbach stating that he had not written those checks to Crowder and that Crowder had written the checks to herself.[4] Carter stated that she acquired the affidavit from Marbach.[5] Debbie Humphreys, the Deposit Operations

---

[2] The trial court ordered Crowder to pay a $2,000 fine and restitution for each count.

[3] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[4] Crowder did not object to Carter's testimony.

[5] The trial court excluded Marbach's statements in the affidavit on the basis that his statements were inadmissible hearsay. However, a redacted copy of the affidavit was admitted into evidence for the sole purpose of showing Marbach's signature.

Manager for First Victoria National Bank, testified that after conducting a forgery investigation involving checks cashed by Crowder, the bank refunded $18,545 to Marbach.

Crowder's trial began after Marbach passed away. The jury acquitted Crowder of one count of forgery but convicted her of three other counts of forgery. *See* TEX. PEN. CODE ANN. § 32.21(b), (d). The trial court imposed a sentence of two years' confinement for each count of forgery with the sentences to run concurrently. This appeal ensued.

## II.     CONFRONTATION CLAUSE

By her sole issue, Crowder contends that her statutory, state, and federal constitutional right to confront the witnesses against her was violated. *See* U.S. CONST. amend. VI; TEX CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.25. First, Crowder appears to argue that she was denied her Sixth Amendment right to cross-examine Marbach because he was not present at her trial; therefore, she was unable to ask him if he gave her authorization to sign his name on the checks.[6]

---

[6] We note that at trial, after objecting on the basis of hearsay to the State's question to Carter concerning Marbach's state of mind when he discovered the amount of money missing from his account, Crowder's trial counsel stated:

> Judge, the fact of the matter is we're up here talking about someone that we're not—we don't have the opportunity to cross-examine. You know the Sixth Amendment gives us the right to cross examine our accusers. In this case, the accuser is somebody that's passed away, and as much as the State wants to get up here and elicit or produce evidence for this jury for somebody that can't come up here that we've never had an opportunity to cross examine and the statements were not videoed. It wasn't testimonial. It's all hearsay.

The trial court sustained Crowder's hearsay objection and excluded the complained-of evidence. However, the trial court did not address Crowder's trial counsel's argument that Marbach was unavailable to testify. In her brief, Crowder has not pointed to where, in the record, she made an objection complaining that her right to confrontation had been violated, and based upon our review of the record we find no other references to the Sixth Amendment or the confrontation clause. Nonetheless, we will, assume without deciding, that Crowder preserved her first argument for our review. *See* TEX. R. APP. P. 33.1(a)(1) (providing that a party must object and obtain the trial court's adverse ruling); *Wright v. State*,

The facts of this case are similar to the facts in *Chavez v. State*, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974). In that case, although the victim testified at appellant's first trial, she did not testify at the appellant's second trial. *Id.* On appeal from the second trial, appellant alleged that his right to confrontation had been violated because the victim did not testify. *Id.* The court of criminal appeals concluded that because the victim did not appear at appellant's second trial, she was not a witness against him, and appellant's allegations lacked merit. *Id.* The same reasoning holds true in this case; Marbach was not a witness against Crowder because he was not present and did not testify at her trial.[7] Therefore, we conclude that Crowder's contention that she was unable to confront a witness against her is without merit. *See Crawford v. Washington*, 541 U.S. 36, 51 (2004) (concluding that the Confrontation Clause "applies to 'witnesses' against the accused—in other words, those who 'bear testimony'"); *Chavez*, 508 S.W.2d at 386.

Crowder also generally argues that the State violated her right to confrontation under *Crawford* by eliciting "testimonial" evidence. *See* 541 U.S. at 59 (determining that, pursuant to the Confrontation Clause, an out-of-court "testimonial" statement is inadmissible unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination). "Appellant must direct the court to the specific portion of the record supporting the alleged error." *Jensen v. State*, 66 S.W.3d 528, 545 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd) (citing *Huerta v. State*, 933 S.W.2d 648, 650 (Tex. App.–San Antonio 1996, no pet.)). Crowder, however, has not pointed

---

28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (stating that a party waives a complaint that admission of evidence violates his constitutional right to confrontation by failing to object on that ground).

[7] In this case, Marbach did not provide prior testimony because this was Crowder's first trial.

to any evidence or testimony in the record to support her claim that the State offered improper testimonial evidence. Moreover, Crowder has not provided a clear and concise argument supporting her claim because she has failed to point out the statements and explain why they were improperly admitted. *See* TEX. R. APP. P. 38.1(i). Therefore, we conclude that Crowder has not adequately briefed this issue for our review. *See id.*; *Jensen*, 66 S.W.3d at 545 ("Because appellant's argument on this point of error contains no citations to the record, he has waived appellate review of his complaint."). Accordingly, we overrule Crowder's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
17th day of February, 2011.