NUMBER 13-10-00324-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PATRICIA SATTLER CROWDER,                                              Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                
Appellee.

 

 



On appeal from the 24th District
Court

of Victoria County, Texas.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Perkes

Memorandum Opinion by Chief Justice Valdez

 

            Appellant, Patricia Sattler Crowder, was
convicted of three counts of forgery, a state jail felony.  See Tex. Penal Code Ann. § 32.21(b), (d)
(Vernon Supp. 2010).[1] 
The trial court sentenced Crowder to three concurrent terms of two years’
confinement in the Texas Department of Criminal Justice–State Jail Division.[2]  By one issue,
Crowder contends that she was denied her right to confrontation.  See U.S. Const. amend. VI; Tex Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.25
(Vernon 2005).  We affirm.

I.          Background[3]

            Weldon Marbach suffered debilitating symptoms
due to mesothelioma, a disease that affects the lungs.  Due to his illness,
Marbach was unable to leave his home.  Crowder, Marbach’s employee, provided home-health
assistance to him.

Judy Carter, Marbach’s friend, testified
that she discovered that several checks, the carbon copies, and several bank
statements were missing from Marbach’s home.  Carter stated that after
reviewing the available bank statements and the checks made out to Crowder, she
discovered that approximately $18,000 was missing from Marbach’s bank account. 
Carter then called the Sheriff’s Department and reported that she suspected
that Crowder had stolen and forged Marbach’s checks.  The next day, Carter
confronted Crowder about the checks, and Crowder was fired.

According to Carter, she notified
the bank, and the bank personnel instructed her to get a notarized affidavit
from Marbach stating that he had not written those checks to Crowder and that
Crowder had written the checks to herself.[4] 
Carter stated that she acquired the affidavit from Marbach.[5]  Debbie
Humphreys, the Deposit Operations Manager for First Victoria National Bank,
testified that after conducting a forgery investigation involving checks cashed
by Crowder, the bank refunded $18,545 to Marbach.

Crowder’s trial began after Marbach
passed away.  The jury acquitted Crowder of one count of forgery but convicted
her of three other counts of forgery.  See Tex. Pen. Code Ann. § 32.21(b), (d).  The trial court imposed
a sentence of two years’ confinement for each count of forgery with the
sentences to run concurrently.  This appeal ensued.

II.         Confrontation Clause

            By her sole issue, Crowder contends that her
statutory, state, and federal constitutional right to confront the witnesses
against her was violated.  See U.S.
Const. amend. VI; Tex Const.
art. I, § 10; Tex. Code Crim. Proc. Ann.
art. 1.25.  First, Crowder appears to argue that she was denied her Sixth
Amendment right to cross-examine Marbach because he was not present at her
trial; therefore, she was unable to ask him if he gave her authorization to
sign his name on the checks.[6]

            The facts of this case are similar to the facts
in Chavez v. State, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974).  In that
case, although the victim testified at appellant’s first trial, she did not
testify at the appellant’s second trial.  Id.  On appeal from the second
trial, appellant alleged that his right to confrontation had been violated
because the victim did not testify.  Id.  The court of criminal appeals
concluded that because the victim did not appear at appellant’s second trial, she
was not a witness against him, and appellant’s allegations lacked merit.  Id. 
The same reasoning holds true in this case; Marbach was not a witness against
Crowder because he was not present and did not testify at her trial.[7]  Therefore, we
conclude that Crowder’s contention that she was unable to confront a witness
against her is without merit.  See Crawford v. Washington, 541 U.S. 36,
51 (2004) (concluding that the Confrontation Clause “applies to ‘witnesses’
against the accused—in other words, those who ‘bear testimony’”); Chavez,
508 S.W.2d at 386.

            Crowder also generally argues that the State violated
her right to confrontation under Crawford by eliciting “testimonial”
evidence.  See 541 U.S. at 59 (determining that, pursuant to the Confrontation
Clause, an out-of-court “testimonial” statement is inadmissible unless the
declarant is unavailable and the defendant has had a prior opportunity for
cross-examination).  “Appellant must direct the court to the specific portion
of the record supporting the alleged error.”  Jensen v. State, 66 S.W.3d
528, 545 (Tex. App.–Houston [14th Dist.] 2002, pet. ref’d) (citing Huerta v.
State, 933 S.W.2d 648, 650 (Tex. App.–San Antonio 1996, no pet.)).  Crowder,
however, has not pointed to any evidence or testimony in the record to support
her claim that the State offered improper testimonial evidence.  Moreover, Crowder
has not provided a clear and concise argument supporting her claim because she
has failed to point out the statements and explain why they were improperly
admitted.  See Tex. R. App. P.
38.1(i).  Therefore, we conclude that Crowder has not adequately briefed this
issue for our review.  See id.; Jensen, 66 S.W.3d at 545 (“Because
appellant's argument on this point of error contains no citations to the
record, he has waived appellate review of his complaint.”).  Accordingly, we
overrule Crowder’s sole issue.

III.        Conclusion

            We affirm the trial court’s judgment.

_________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the


17th day of February,
2011.

 









[1]
Crowder was acquitted of a fourth count of forgery.  See Tex. Penal Code Ann. § 32.21(b), (d)
(Vernon Supp. 2010).





[2]
The trial court ordered Crowder to pay a $2,000 fine and restitution for each
count.





[3]
Because this is a memorandum opinion and the parties are familiar with the
facts, we will not recite them here except as necessary to advise the parties
of the Court’s decision and the basic reasons for it.  See Tex. R. App. P. 47.4.





[4]
Crowder did not object to Carter’s testimony.





[5]
The trial court excluded Marbach’s statements in the affidavit on the basis
that his statements were inadmissible hearsay.  However, a redacted copy of the
affidavit was admitted into evidence for the sole purpose of showing Marbach’s
signature.





[6]
We note that at trial, after objecting on the basis of hearsay to the State’s
question to Carter concerning Marbach’s state of mind when he discovered the
amount of money missing from his account, Crowder’s trial counsel stated:

Judge, the fact of the matter is we’re up
here talking about someone that we’re not—we don’t have the opportunity to
cross-examine.  You know the Sixth Amendment gives us the right to cross
examine our accusers.  In this case, the accuser is somebody that’s passed
away, and as much as the State wants to get up here and elicit or produce
evidence for this jury for somebody that can’t come up here that we’ve never
had an opportunity to cross examine and the statements were not videoed.  It
wasn’t testimonial.  It’s all hearsay.

The trial court sustained Crowder’s hearsay objection and
excluded the complained-of evidence.  However, the trial court did not address
Crowder’s trial counsel’s argument that Marbach was unavailable to testify.  In
her brief, Crowder has not pointed to where, in the record, she made an
objection complaining that her right to confrontation had been violated, and
based upon our review of the record we find no other references to the Sixth
Amendment or the confrontation clause.  Nonetheless, we will, assume without
deciding, that Crowder preserved her first argument for our review.  See
Tex. R. App. P. 33.1(a)(1)
(providing that a party must object and obtain the trial court’s adverse
ruling); Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000)
(stating that a party waives a complaint that admission of evidence violates
his constitutional right to confrontation by failing to object on that ground).





[7]
In this case, Marbach did not provide prior testimony because this was
Crowder’s first trial.