COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 JAIME COVARRUBIAS,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-11-00176-CR
  
 Appeal from the
  
 243rd
 Judicial District Court
  
 of El
 Paso, Texas 
  
 (TC# 20090D00299)
  
 
 


 

O
P I N I O N

Jaime
Covarrubias appeals the trial court’s judgment convicting him of one count of
aggravated sexual assault of A.G., sentencing him to 40 years’ imprisonment,
and fining him $10,000.  In three issues,
Appellant contends that the trial court violated his constitutional right to
present a complete defense by making certain evidentiary rulings impacting his
ability to present his case to the extent and in the form he desired and that these
evidentiary rulings were erroneous in and of themselves.  For the reasons that follow, we affirm.

FACTUAL
AND PROCEDURAL BACKGROUND

            Appellant was indicted and tried on two
counts of aggravated sexual assault of A.G. and one count of indecency with A.G.[1]  At trial, his defensive theory was that
A.G.’s uncle, Juan Chaires, was the actual perpetrator and that A.G., who is
intellectually disabled, had false memories about the sexual assault and
incorrectly attributed to him what Chaires had done to her.

            Appellant attempted to undermine the
child’s credibility when he called her as a witness during his case-in-chief.  Then eleven years old, A.G. testified that
when she was eight or nine, she told her mother that Appellant had covered her
eyes with a bandana, put Duvalin[2] on his
penis, and placed his penis in her mouth. 
When asked if Appellant was “the only one [who] has done this to you,”
A.G. replied, “Yes.”  Defense counsel
then asked whether anyone else had done “this” to her, and A.G. testified that
“[Appellant] did at first and then [Chaires] did” and that Chaires did so at
the same time Appellant assaulted her.  After
a bench conference at which defense counsel was admonished to ask specific
rather than broad questions, A.G. maintained that both Appellant and Chaires
placed their “privates” in her mouth.

            On cross-examination, the prosecutor
used an anatomically correct doll to question A.G.  After identifying the penis on the male doll,
A.G. demonstrated how she was blindfolded with the bandana and then testified
that she tasted candy when Appellant placed his penis in her mouth.  She also said that Chaires did not put his
penis in her mouth because “[she] pulled [her] head so he could not get it.”  He then pulled down his pants and exposed his
penis, which she touched with her hand when he laid her on top of him.  Asked twice by the prosecutor whether she was
certain that Appellant was the one who placed his candy-covered penis in her
mouth while she was blindfolded, A.G. answered “yes” each time.  The trial court subsequently instructed the
jury as follows:

During the testimony of [A.G.], you heard
evidence of other extraneous acts of potential sexual abuse that had been
perpetrated on [A.G.] at the hands of . . . Chaires.  You are instructed that you are to disregard
any testimony or evidence regarding past sexual behavior, if any, perpetrated
on [A.G.] by . . . Chaires.

 

            In an attempt to further undermine
A.G.’s credibility, Appellant pursued two other avenues of attack.  First, he sought to have Dr. Carmen Petzold,
a psychologist, testify as an expert on false memories.  At the State’s request, the trial court held a
hearing outside the jury’s presence.  Dr. Petzold
testified it was possible that A.G.’s claim that she was sexually assaulted by
Chaires was actually a false memory of Appellant’s assault on her.  Dr. Petzold also acknowledged that she could
not ascertain which of the assaults was the false memory.  After the hearing, the trial court ruled that
Dr. Petzold could testify generally that a child can have false memories for
many reasons, including those caused by repeated interviewing in a forensic
setting, but she could not testify about her findings concerning A.G., or the
child’s disability and mental capacity.   Second,
Appellant sought to have the videotape of A.G.’s forensic interview admitted
into evidence so that he could impeach her with numerous inconsistent
statements.  Because he was unable to
specifically identify the portions of A.G.’s testimony in the videotape that
were inconsistent with her trial testimony, the judge excluded the video.

RIGHT
TO PRESENT A COMPLETE DEFENSE

            Appellant first complains that the
trial court violated his Sixth Amendment right to present a complete defense because
the State did not call A.G. and the forensic interviewer as witnesses during
its case-in-chief.  We disagree.

            A criminal defendant has a
constitutional right to a meaningful opportunity to present a complete defense.
 Anderson
v. State, 301 S.W.3d 276, 280 (Tex.Crim.App. 2009), citing Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90
L.Ed.2d 636 (1986); see also U.S. Const. Amend. VI, XIV.  The Sixth Amendment “guarantees an opportunity for effective
cross-examination, not cross-examination that is effective in whatever way, and
to whatever extent, the defense might wish.”  Delaware
v. Fensterer, 474 U.S. 15, 20, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985)(per
curiam)[Emphasis in original].  Thus, the
fact that a defendant was unable to present his case to the extent and in the
form he desired does not rise to constitutional error if he was not prevented
from presenting the substance of his defense to the jury.  Potier
v. State, 68 S.W.3d 657, 666 (Tex.Crim.App. 2002).

Appellant has failed to establish that the trial court violated his Sixth Amendment
right to a meaningful opportunity to present a complete defense.  Appellant does not cite, nor can we find, any
authority for the proposition that the State was required to call A.G. and the
forensic interviewer as witnesses during its case-in-chief.  In fact, the State had no obligation to do so.  See Cooper
v. California, 386 U.S. 58, 62 n.2, 87 S.Ct. 788 n.2, 791, 17 L.Ed.2d 730
(1967)(“contention . . . that (petitioner) was unconstitutionally deprived of
the right to confront a witness against him, because the State did not produce
the informant to testify . . . we consider absolutely devoid of merit.”); Chavez v. State, 508 S.W.2d 384, 386
(Tex.Crim.App. 1974)(holding that a defendant’s right to confrontation and
cross-examination under Article I, Section 10 of the Texas Constitution is not
violated if the State decides not to call the complaining witness to testify); Shelvin v. State, 884 S.W.2d 874, 877
(Tex.App.--Austin 1994, pet. ref’d)(holding that, generally, the State is not
required to call every conceivable witness with knowledge of the case, as long
as the defendant’s guilt is proven beyond a reasonable doubt).  This is because a defendant’s right “to be
confronted by the ‘witnesses against him’ speaks to the right of confrontation
that a defendant enjoys, not to the state’s burden of production or the number
of witnesses required for conviction.”  Shelvin, 884 S.W.2d at 877.  “The State has a right to prove its case in
any way it may see fit under proper rules and regulations, and a defendant
cannot direct either the method or manner of proof.”  Id.  “Thus, the State cannot be forced to introduce
any particular evidence in making proof of its case.”  Id.  We overrule Issue One.

EVIDENTIARY RULINGS

            In his second and third issues, Appellant complains about several evidentiary
rulings.  He faults the exclusion of the
videotape of A.G.’s forensic interview because it contained numerous
inconsistent statements that were admissible for purposes of impeachment.  He also argues that exclusion prevented him
from adequately cross-examining and confronting A.G. about these inconsistent
statements.  He next contends that the
trial court’s instruction to the jury to disregard A.G.’s testimony that she
was sexually assaulted by Chaires impermissibly commented on the weight of the
evidence and prevented him from presenting his defense of an alternative
perpetrator.  Finally, Appellant posits
that the trial court erroneously limited the scope of Dr. Petzold’s
testimony by not permitting her to testify about A.G.’s false memories,
intellectual disability, and mental capacity.

Standard of Review

            We review evidentiary errors for an
abuse of discretion.  Shuffield v. State, 189 S.W.3d 782, 793
(Tex.Crim.App. 2006)(evidence generally); Weatherred
v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000)(expert testimony); Matchett v. State, 941 S.W.2d 922, 940
(Tex.Crim.App. 1996)(cross-examination).  A trial court abuses its discretion only when its
decision lies “outside the zone of reasonable disagreement.”  Walters
v. State, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007).

Exclusion of Forensic Interview Videotape

 

            As we have noted, Appellant argues
that the videotape should have been admitted so that he could have impeached her
with the numerous inconsistent statements.  A “prior inconsistent statement” is a prior
statement made by a witness that is inconsistent with that witness’s testimony
at trial.  See Tex.R.Evid.
613(a).  Rule of Evidence 613(a) permits
a party to impeach a witness with a prior inconsistent statement.  See Tex.R.Evid. 613(a); Lopez v. State, 86 S.W.3d 228, 230
(Tex.Crim.App. 2002).  To qualify for
admission under Rule 613(a), the trial court must be persuaded that the statements
are indeed inconsistent.  Lopez, 86 S.W.3d at 230.  Thus, for A.G.’s testimony in her forensic
interview to be admitted as a prior inconsistent statement, Appellant was
required to establish that A.G.’s prior statements were inconsistent with her
trial testimony.

            Appellant has failed to so
establish.  Rather than specifically
identify the portions of A.G.’s testimony in the forensic interview that were
inconsistent with her trial testimony at trial, Appellant proffered that the
entire video should be admitted because, by his count, there were twenty-five
inconsistencies “within that tape.”  The
proffer of evidence on this basis – inconsistencies in the forensic interview –
was insufficient to establish that A.G.’s statements on the videotape were inconsistent with her testimony at
trial.  Consequently, the trial
court’s decision to exclude the videotape was not outside the zone of
reasonable disagreement.  The trial court
properly concluded that Rule 613 did not authorize admission of the videotape.  See Lopez,
86 S.W.3d at 230.

Limitation on Expert’s Testimony and on
Cross-Examination of Victim

            Appellant challenges the limitations
imposed by the trial court that (1) prevented him from adequately
cross-examining and confronting A.G. by not permitting him to question her about
her inconsistent statements, and (2) prevented his expert from testifying about
A.G.’s false memories, intellectual disability, and mental capacity.  The Sixth Amendment guarantees a defendant
the right to confront the witnesses against him.  U.S.
Const. Amend. VI; Pointer v. Texas,
380 U.S. 400, 406, 85 S.Ct. 1065, 1069, 13 L.Ed.2d 923 (1965).  A trial court violates a defendant’s right of
confrontation if it improperly limits appropriate cross-examination.  Carroll
v. State, 916 S.W.2d 494, 497 (Tex.Crim.App. 1996).  The right to cross-examination extends to any
matter that could reflect on the witness’s credibility.  Virts v.
State, 739 S.W.2d 25, 28-9 (Tex.Crim.App. 1987).  The right of an accused to cross-examine a
testifying state’s witness includes the right to impeach the witness with
relevant evidence that might reflect bias, interest, prejudice, inconsistent
statements, traits of character affecting credibility, or evidence that might
go to any impairment or disability affecting the witness’s credibility.  Id.
at 29.

            The trial court has broad discretion
to impose reasonable limits on cross-examination to avoid harassment,
prejudice, confusion of the issues, endangering the witness, and the injection
of cumulative or collateral evidence.  Lopez v. State, 18 S.W.3d 220, 222
(Tex.Crim.App. 2000).  Pursuant to Rule
of Evidence 611, which governs the interrogation and presentation of witnesses
at trial, the trial court has reasonable discretion to control the mode and
order of interrogating witnesses and presenting evidence, including whether to
permit a witness to be cross-examined on a matter that is relevant to an
issue.  See Tex.R.Evid.
611(a), (b).

            To establish that the trial court
erred in excluding evidence and preserve the complaint for appellate review,
the proponent must either perfect an offer of proof or a bill of exceptions or
demonstrate that the substance of the excluded evidence was apparent from
the context within which questions were asked. 
Tex.R.Evid. 103; Guidry
v. State, 9 S.W.3d 133, 153 (Tex.Crim.App. 1999).  An informal bill will suffice as an offer of
proof when it includes a concise statement of what the evidence would show.  Love v.
State, 861 S.W.2d 899, 901 (Tex.Crim.App. 1993).  When counsel intends to rely upon an informal
bill to preserve error, the bill must include a summary of the proposed evidence.  Id.

            Appellant has failed to preserve his
complaints for appellate review.  He never
made a formal offer of proof as to what questions he would have asked -- and
what testimony he would have elicited -- from A.G. and Dr. Petzold had he been
permitted to question them as he desired. 
Likewise, he never summarized what the evidence would have shown had he
been permitted to cross-examine A.G. about the inconsistencies in her forensic
interview and to question Dr. Petzold regarding A.G.’s false memories,
intellectual disability, and mental capacity. 
Defense counsel’s comments that he counted twenty-five
inconsistencies in A.G.’s forensic interview and that they are “indications of
[A.G.’s] inability to hold a memory and accurately recount [it]” do not
constitute a formal offer of proof or an
informal bill because they do not reveal the substance of the excluded evidence.  Without
an offer of proof or informal bill, we cannot conduct a proper harm analysis.

Instruction to Jury to Disregard Victim’s
Testimony

            Appellant next argues that the trial
court’s instruction to disregard A.G.’s testimony that she had been sexually
assaulted by Chaires impermissibly commented on the weight of the evidence and
denied him the right to present his defense that an alternative
perpetrator committed the charged offense. 
Evidentiary rulings rarely rise
to the level of denying the fundamental constitutional right to present a
meaningful defense.[3]
 Potier
v. State, 68 S.W.3d 657, 659 (Tex.Crim.App. 2002).  A trial court’s ruling excluding evidence may
rise to the level of a constitutional violation if the ruling excludes
otherwise relevant and reliable evidence that “‘forms such a vital portion of
the case that exclusion effectively precludes the defendant from presenting a
defense.’”  Wiley v. State, 74 S.W.3d 399, 405 (Tex.Crim.App. 2002).  Regarding
“alternative perpetrator evidence,” a defendant has the right to attempt to
establish his innocence by showing that someone else committed the crime.  Id.
at 406.  To do so, he must show that his
proffered evidence regarding the alleged alternative perpetrator is sufficient,
on its own or in combination with other evidence in the record, to show a nexus
between the crime charged and the alleged “alternative perpetrator.”  Id.

            Article 38.05 of the Code of
Criminal Procedure statutorily prohibits a judge from commenting on the weight
of the evidence.  See Tex.Code Crim.Proc.Ann.
art. 38.05 (West 1979).  To constitute
reversible error, the comment must be reasonably calculated to benefit the
State or to prejudice the rights of the defendant.  Becknell
v. State, 720 S.W.2d 526, 531(Tex.Crim.App. 1996). 

            Appellant has not shown a nexus
between the crimes charged and the alleged “alternative perpetrator.”  Appellant was tried for the aggravated
sexual assaults of A.G. by penetrating her vagina with his finger and by penetrating her mouth with his penis.  Although
A.G. testified on direct examination that Chaires put his penis in her mouth,
she testified on cross that Chaires did not in fact do so, but rather pulled
down his pants and exposed his penis, which she then touched with her hand when
he laid her on top of him. 
Significantly, A.G. never recanted her allegation that Appellant
sexually assaulted her and was adamant on cross that Appellant did so by covering
her eyes with a bandana and placing his penis in her mouth.  Moreover, Appellant did not adduce any
evidence excluding him as a perpetrator. 
Even if the evidence tended to show that Chaires assaulted A.G., the
evidence cannot be used to infer that Appellant did not abuse A.G. in the
particular incidents charged.  See Ruiz v. State, 272 S.W.3d 819, 830 (Tex.App.--Austin
2008, no pet.)(noting that even if alleged alternative perpetrator had abused
child, “that would not bear on whether appellant also abused her.”).  Accordingly, the excluded testimony was not
sufficient, on its own or in combination with other evidence in the record, to
show a nexus between the crimes charged and Chaires.  See
Wiley, 74 S.W.3d at 406.  Without the
required nexus, the evidence did not support Appellant’s alternative
perpetrator defense, and the trial court did not abuse its discretion by instructing
the jury to disregard A.G.’s testimony.

            Likewise, Appellant has failed to
establish that the trial court’s instruction to the jury to disregard A.G.’s
testimony that she had been sexually assaulted by Chaires was a comment on the
weight of the evidence.  As established
above, when the trial court instructed the jury to disregard, it did so without
making any additional comment.  The trial
court was merely informing the jury of its ruling.  The information imparted to the jury was
value-neutral and was not reasonably calculated to benefit the State or
prejudice Appellant.  See Rosales v. State, 932 S.W.2d 530,
538 (Tex.App.--Tyler 1995, pet. ref’d)(holding that trial court’s sua sponte instruction to the jury to
disregard certain defense testimony regarding appellant’s cooperation with
authorities was not a comment on the weight of the evidence, but rather, a
value-neutral verbalization to the jury of its ruling).  Appellant has not shown that the trial court abused
its discretion by instructing the jury to disregard A.G.’s testimony.  We overrule Issues Two and Three and affirm
the judgment of the trial court.

 

 

February 13, 2013

                                                                        ANN
CRAWFORD McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff,
JJ.

Antcliff, J. (Not Participating)

 

(Do Not Publish)











[1]
After the jury deadlocked on the charges of indecency and aggravated sexual
assault by digital penetration, the State dismissed the charges.  Accordingly, our recitation of the relevant
facts necessary for the disposition of this appeal relate only to the offense
for which Appellant was convicted: the aggravated
sexual assault of A.G. by penetrating her mouth with his penis.

 





[2]
Duvalin is a Mexican candy cream.





[3]
As established above, evidentiary rulings are ordinarily reviewed for abuse of
discretion.  See Shuffield, 189 S.W.3d at 793.  There is a split of authority, however, on
whether that standard is appropriate when the right to present a complete
defense is implicated.  Some intermediate
appellate courts have applied a de novo standard
of review in such cases.  See e.g., Campos v. State, 186 S.W.3d 93, 96 (Tex.App.--Houston [1st
Dist.] 2005, no pet.); Wilson v. State,
151 S.W.3d 694, 697 (Tex.App.--Fort Worth 2004, pet. ref’d); Muttoni v. State, 25 S.W.3d 300, 304
(Tex.App.--Austin 2000, no pet.).  The Court of Criminal Appeals, on
the other hand, has applied an abuse-of-discretion standard.  See
Miller v. State, 36 S.W.3d 503, 507 (Tex.Crim.App. 2001).  Here, neither Appellant nor the State argues
for de novo review of the trial
court’s decision to instruct the jury
to disregard A.G.’s testimony that she had been sexually assaulted by
Chaires.  In their briefs, both
parties posit that the appropriate standard of review for evidentiary rulings
is abuse of discretion.  Since neither
party raised the issue of whether a different standard of review applies, we
need not address it.