**Opinion filed October 24, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00277-CR

_____

## MARIO CARNERO MARTINEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR45446**

## M E M O R A N D U M   O P I N I O N

The jury convicted Mario Carnero Martinez of aggravated sexual assault of a child as charged in Count II, Paragraph Two of the indictment. Appellant pleaded "true" to two prior felonies alleged for enhancement purposes. The jury assessed his punishment at confinement for a term of fifty years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

In July 2014, officers with the Midland Police Department responded to a report of sexual assault. The officers spoke with P.H. (the victim) and G.Q. (the victim's mother). They reported to the officers that Appellant sexually assaulted P.H. in 2009. At the time of the assaults, P.H. was ten or eleven years old, and she lived in Midland with her mother and Appellant. Appellant was the boyfriend of P.H.'s mother.

P.H. testified that, in July 2009, Martinez sexually assaulted her twice. P.H. described in detail the events of the first sexual assault but could only recall that the second assault was two days after the first assault. P.H.'s description of the first episode of sexual assault included an instance of Appellant placing his penis inside of her vagina "a little bit."

Both P.H.'s sister (C.G.) and P.H.'s mother testified about P.H.'s outcry in July 2014. G.Q. testified that P.H. was fifteen or sixteen years old in July 2014 when P.H. made the outcry and that both P.H. and Appellant had lived with her in 2009 at the time of the assault. C.G. testified that P.H. told her that Appellant tried to stick his penis inside of P.H.'s vagina.

The indictment charged Appellant with two counts of aggravated sexual assault of a child. Count I, Paragraph One alleged an incident of anal penetration. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West 2019). Count I, Paragraph Two alleged an incident of anal contact. *See id.* § 22.021(a)(1)(B)(iii). The incidents alleged under Count I were alleged to have occurred "on or about the 1st day of July, 2009 and before the presentment of this indictment." Count II, Paragraph One alleged an incident of vaginal penetration. *See id.* § 22.021(a)(1)(B)(i). Count II, Paragraph Two alleged an incident of vaginal contact. The incidents alleged under

Count II were alleged to have occurred "on or about the 3rd day of July, 2009, and before the presentment of this indictment."

At the close of the State's case-in-chief, the trial court granted Appellant's motion for an instructed verdict on Count I. In that regard, the State had abandoned Count I, Paragraph One prior to trial, and at the close of the State's case-in-chief, the prosecutor agreed with Appellant that there was no evidence to support Count I, Paragraph Two. Appellant also sought an instructed verdict on both paragraphs of Count II. However, the trial court denied that motion. The jury acquitted Appellant of Count II, Paragraph One and convicted him of Count II, Paragraph Two.

*Analysis*

In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge, under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial and defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

As relevant to Appellant's conviction, a person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." PENAL § 22.021(a)(B)(iii). Appellant first asserts that the evidence was insufficient to prove that he committed aggravated sexual assault because neither the victim nor any other witness provided testimony involving the allegations in Count II of the indictment. The crux of Appellant's argument is that, because the indictment alleged the date of July 3, 2009, as the date for Count II, it only referred to activities occurring during the second episode of sexual assault because Count I alleged the date of July 1, 2009. Thus, Appellant contends that P.H.'s testimony only related to the matters alleged in Count I because she was only able to recall what occurred during the first episode of sexual assault. We disagree with Appellant's analysis.

The primary purpose of a date alleged in an indictment is to show that the statute of limitations does not bar the prosecution of a defendant. *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998). "It is well settled that the 'on or about' language of an indictment allows the state to prove a date other than the one alleged as long as the date proven is anterior to the presentment of the indictment and within the statutory limitation period." *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). As noted by Presiding Judge Keller in *Campbell v. State*:

> In our "on or about" jurisprudence, we have recognized the impracticality of requiring the indictment to specify the exact time a

> crime has occurred. For some crimes, pinpointing the exact year may be impractical, until evidence is presented at trial. . . . The exact time of the crime, and also the exact location, are really evidentiary facts that the State should not be required to allege with exactness in the indictment.

149 S.W.3d 149, 156 (Tex. Crim. App. 2004) (Keller, P.J., concurring) (footnotes omitted). Thus, the State was not restricted to only the second episode of sexual assault alleged by P.H. Furthermore, Count I and Count II alleged different, discrete acts because Count I alleged instances of anal penetration and anal contact whereas Count II alleged instances of vaginal penetration and vaginal contact. Accordingly, there was no duplication in the offenses alleged in the indictment.

Because the indictment contained "on or about" language, the State only needed to prove that the aggravated sexual assault of a child as alleged in Count II, Paragraph Two occurred within the applicable limitations period and before the presentment of the indictment. *See Wright*, 28 S.W.3d at 532. There is no statute of limitations for aggravated sexual assault of a child; therefore, the prosecution needed only to prove that the assault occurred before the presentment of the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B) (West Supp. 2018).

P.H. testified that Appellant made contact with her sexual organ with his sexual organ. The uncorroborated testimony of a child victim is sufficient to support a conviction for aggravated sexual assault. *Id.* art. 38.07; *see Chapman v. State*, 349 S.W.3d 241, 245 (Tex. App.—Eastland 2011, pet. ref'd). Additionally, the jury heard C.G.'s testimony to the same effect. A child victim's outcry statement is sufficient to sustain a conviction for a sexual offense. *Chavez v. State*, 324 S.W.3d 785, 788 (Tex. App.—Eastland 2010, no pet.) (citing *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991)). Accordingly, a rational finder of fact could have

determined beyond a reasonable doubt that Appellant engaged in the conduct alleged in Count II, Paragraph Two.

Appellant further asserts that the evidence is legally insufficient to support his conviction because the State did not definitively prove that he was not married to P.H. We note at the outset that the indictment alleged that the offense occurred on or about July 3, 2009. At that time, the State was required to prove that P.H. was not Appellant's spouse. *See Anderson v. State*, 10-14-00182-CR, 2015 WL 6584041, at *2 (Tex. App.—Waco Oct. 29, 2015, pet. ref'd) (mem. op., not designated for publication) (discussing statutory elements for aggravated sexual assault of a child for an offense alleged to have occurred prior to September 1, 2009).

Circumstantial evidence can be sufficient to prove that a child was not the spouse of the actor. *Martin v. State*, 819 S.W.2d 552, 556 (Tex. App.—San Antonio 1991, no pet.) (citing *Wilson v. State*, 654 S.W.2d 465, 467 (Tex. Crim. App. 1983)). Age alone can be sufficient to prove that the child was not the spouse of the actor if the child is too young to marry. *Chavez v. State*, 508 S.W.2d 384, 386–87 (Tex. Crim. App. 1974) (holding that the testimony of two witnesses that the victim was between seven and eight years old was sufficient to "establish the fact that [the victim] was not appellant's wife"); *see Strahan v. State*, 306 S.W.3d 342, 348 (Tex. App.—Fort Worth 2010, pet. ref'd) (involving a victim that was ten years old); *Rodriguez v. State*, 939 S.W.2d 211, 217–18 (Tex. App.—Austin 1997, no pet.) (involving a victim that was eleven years old); *Zewoldermariam v. State*, 730 S.W.2d 354, 354 (Tex. App.—Dallas 1987, no pet.) (involving a victim that was eleven years old). Both P.H. and G.Q. testified that P.H. was ten or eleven years old at the time of the assault. This evidence permitted a rational finder of fact to determine beyond a reasonable doubt that P.H. was not the spouse of Appellant. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


October 24, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.