**Abraham ZEWOLDERMARIAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–86–00733–CR.**

Court of Appeals of Texas, Dallas.

April 15, 1987.

Edwin V. King, Jr., Dallas, for appellant.

Jeffrey B. Keck and Carolyn Fitz-Gerald, Asst. Dist. Attys., Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

Appellant was convicted of indecency with a child and sentenced to ten years, probated. He appeals on grounds that the evidence is insufficient to support implied findings: (1) that complainant was not married to appellant; (2) that appellant intended to arouse or sexually gratify himself; and (3) that sexual contact occurred. We overrule all points of error; accordingly, we affirm the judgment of the trial court.

 Under his first point of error, appellant points out that complainant never denied being married to him. However, the complainant was eleven years old; this is sufficient evidence to establish that she was not his wife. *Chavez v. State*, 508

S.W.2d 384, 386 (Tex.Crim.App.1974). Point of error one is overruled.

 Under his second point of error, appellant argues that because the record does not indicate "flesh to flesh" contact, the evidence is insufficient to establish the element of intent to arouse or sexually gratify appellant. Appellant correctly states that his intent can be inferred from his conduct, his remarks, and the surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App.1981). Under *McKenzie,* appellant's intent can be inferred here. Complainant testified that appellant touched her on the breast and squeezed; he whispered to her, "you have them, you're growing up," and "the next time it would be longer." There was no one around while this was happening and appellant stopped when another person appeared. We hold that, under the circumstances, his conduct and remarks are sufficient evidence that appellant intended to arouse or gratify his sexual desire and that the lack, if any, of "flesh to flesh" contact is not solely determinative on the issue of intent. Point of error two is overruled.

Under his third point of error, appellant argues that because the evidence does not indicate "flesh to flesh" contact, it is insufficient to establish the element of sexual contact. Appellant relies on *Donoho v. State,* 643 S.W.2d 698 (Tex.Crim.App.1982) (en banc). *Donoho* concerned, in part, conduct contemplated by the term deviate sexual intercourse defined, in part, as any contact between any part of the genitals of one person and the mouth of another. *Donoho* held that "any contact between" contemplates either penetration of the mouth by bared genitalia or placing the mouth directly on genitalia of another human being. *Donoho,* 643 S.W.2d at 700.

*Donoho* is inapposite because it concerned deviate sexual intercourse. We have previously held that "flesh to flesh" contact is not a requirement to the offense of indecency with a child. *Guia v. State,* 723 S.W.2d 763, 766 (Tex.App.—Dallas 1986, pet. pending). We abide by our holding in *Guia.* We hold that the evidence that appellant touched complainant on the breast and squeezed her is sufficient conduct to support the implied finding of sexual contact for purposes of the offense of indecency with a child. Appellant's third point of error is overruled.

Affirmed.