Christopher Neal **KINGERY**, Appellant,

v.

Kimberly Coreen **HINTZ**, Appellee.

No. 14–03–00167–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 2003.

Rehearing Overruled Jan. 29, 2004.

Christopher Neal Kingery, Tennessee Colony, pro se.

Ronald Keith Esposito, Houston, for appellees.

Panel consists of Justices LESLIE BROCK YATES, HUDSON, and FOWLER.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant Christopher Kingery filed a petition for divorce from appellee seeking dissolution of an alleged informal marriage between the parties. The trial court granted appellee's motion for summary judgment and dismissed appellant's action for divorce with prejudice, finding that the parties never entered into a ceremonial or common-law marriage. In ten issues, appellant claims the trial court erred in granting summary judgment because the elements of a common-law marriage were met. We affirm.

Appellant is presently incarcerated for the offense of sexual assault of a minor-the minor complainant is the appellee in this case. On July 11, 2002, appellant filed a petition for divorce in an effort to claim the parties had been legally married. In his petition, appellant claims that he and appellee were parties to an informal marriage and states that "the issue of divorce has become a legal priority because of pending ... criminal issues...." Appellant notes his conviction is still on appeal. Appellant alleges the parties were married on or about October of 1999, and ceased to live together as husband and wife on or about April of 2001. Appellant states the parties conceived a child on Valentine's Day of 2000. At that time, appellant was 36–years old and appellee was 15–years old. Appellant contends the parties agreed to become husband and wife, lived together as husband and wife, and held themselves out publicly as husband and wife. Appellant asserts that appellee's family consented to the union. Appellant now seeks dissolution of the marriage and division of property.

Although the parties did live at the same address, appellant was the live-in

boyfriend of appellee's mother. Appellee asserts that any sexual relationship between she and appellant occurred without her mother's consent or knowledge. Around April of 2000, appellee's mother learned that appellee was pregnant and sent her to stay with her grandparents. Appellee terminated the pregnancy. DNA testing conclusively established appellant was the biological father of the child. Criminal proceedings were then brought against appellant. Appellant contends that the marital relationship lasted for another 15 months because, until his trial, appellee performed "spousal duties," such as "sending letters, phone calls, visitation, [and providing] financial help."

After appellant filed for divorce, appellee filed a motion for summary judgment. The trial court granted the motion, finding the parties never entered into a lawful marriage. At no time during the alleged union did appellee reach the age of 18, the age of consent for an informal marriage.

Appellant argues the trial court abused its discretion in granting summary judgment. The standard of review for a traditional motion for summary judgment "is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law." *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). This court must take as true all evidence favorable to the nonmovant and must make all reasonable inferences in the nonmovant's favor. *See id.*

■ A common-law or informal marriage can be established by showing the parties (1) entered into an agreement to become husband and wife; (2) cohabitated as husband and wife; and (3) held each other out publicly as husband and wife. TEX. FAM.CODE ANN. § 2.401(a)(2) (VERNON 1998). However, there is a crucial prerequisite: both parties must possess the legal capacity to marry. *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 749–50 (Tex.App.-Corpus Christi 1998, pet. denied).

■ Appellant contends that, although appellee was under the age of 18, she had the legal capacity to agree to become his wife.[1] We disagree. The Family Code plainly provides that a person under the age of 18 may not be a party to an informal marriage. TEX. FAM.CODE ANN. § 2.401(c)(1). This age requirement was added by the Texas Legislature in 1997. Act of May 26, 1997, 75th Leg., R.S., ch. 1362, § 1, 1997 Tex. Gen. Laws 5113.[2] All of the caselaw cited by appellant on this issue predates the legislature's passage of a minimum age requirement for purposes of establishing an informal marriage, and therefore, is inapplicable.[3]

1. Appellant argues it is the policy of the law to look favorably upon marriage and to seek in all lawful ways to uphold marriages; however, that presumption applies to marriages of lawful age-the legislative policy is otherwise where underage marriages are concerned. *Kissick v. Garland Indep. Sch. Dist.*, 330 S.W.2d 708, 711 (Tex.Civ.App.-Dallas 1959, writ ref'd n.r.e.).

2. House Bill 891 amended the Family Code in 1997 to add the minimum age requirement of 18 for informal marriages in Texas. *Id.* The House Committee Analysis indicates that the bill was to "prohibit persons under age 18 from entering into a common-law marriage. The purpose is to eliminate common-law marriage as a defense to statutory rape...." HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 891, 75th Leg., R.S. (1997).

3. Appellant also suggests that section 6.102 of the Family Code supports his argument. That section states:

(a) The court may grant an annulment of a licensed *or informal* marriage of a person 14 years of age or older but under 18 years

Thus, at the time appellant asserts the parties entered into an agreement to live as husband and wife, the law prohibited a person under the age of 18 from doing so.

■ To counter arguments concerning appellee's age, appellant claims that appellee was emancipated and that appellee's family consented to the informal marriage. The cases cited by appellant regarding emancipation are general contract cases and do not relate to emancipation in the context of the marriage relationship. Importantly, the Family Code emancipates a minor only after she has been married in accordance with the laws of Texas. Tex. Fam.Code Ann. § 1.104. Hence, appellee could only have been emancipated after she entered into a legal marriage.

■ Appellant asserts appellee's family gave its consent to the informal marriage by not seeking to void the marriage when it became aware that he considered the parties married, presumably when the family discovered appellee was pregnant.

Appellant cites section 6.102 of the Family Code, an annulment provision, to support this argument. Appellant adds that appellee's mother specifically consented to the union by urging appellee to seek medical treatment after learning about the pregnancy and by signing a non-prosecution form with her daughter in appellant's criminal case. Further, appellant claims that appellee's family cannot now withdraw its consent because appellee is currently over the age of 18 and a suit to annul a marriage may not be filed under section 6.102 after the minor reaches her 18th birthday. See Tex. Fam.Code Ann. § 6.103. There was no need for appellee's family to seek annulment of the alleged informal marriage under section 6.102 because the law never recognized the formation of such an union. Moreover, her family's alleged consent does not meet the legal requirements for written or judicial consent under the Family Code.[4] See Tex. Fam.Code Ann. § 2.102.

of age that occurred without parental consent or without a court order as provided by Subchapters B, E, Chapter 2.

Tex. Fam.Code Ann. § 6.102 (emphasis added). Despite the fact that section 6.102 provides a procedure to annul the marriage of a minor, it does not permit a minor to enter into a common-law marriage. Appellant's reliance on this code provision is misplaced. Section 6.102 merely provides that a marriage of a minor entered into without parental consent or court order, but otherwise allowed by law, is capable of being voided. Subchapter E of the Family Code addresses informal marriages. See Tex. Fam.Code Ann. §§ 2.401–2.405. As previously discussed, subchapter E was amended in 1997 to add the minimum age requirement of 18. The law does not give a person under the age of 18 the legal capacity to agree to an informal marriage. When House Bill 891 added the minimum age requirement for informal marriages, it deleted the reference to informal marriages from section 6.101, which provides for annulments of marriages of persons under age 14. See Tex. Gen. Laws at 5113. The legislature may have simply overlooked the other reference to in-

formal marriages contained in section 6.102. In any event, despite the apparent inconsistency, our analysis is not affected by this provision regarding annulments because section 2.401 clearly prohibits a minor from entering into an informal marriage.

4. The Family Code provides mechanisms for underage applicants to waive the age requirement in order to obtain a marriage license and legally marry. Tex. Fam.Code Ann. §§ 2.102–2.103. The age requirement for a marriage license can be waived if an underage applicant's parent consents in a sworn, written declaration. Id. § 2.102. Alternatively, an underage applicant can petition the court to waive the age requirement and issue an order granting permission to marry. Id. § 2.103. No court has yet determined whether these consent provisions can be used in conjunction with an informal marriage. We need not resolve this issue, however, because even if the consent provisions apply, appellant has offered no facts or evidence to show that the age requirement was waived in accordance with those provisions. Appellant does

Treating the evidence favorable to appellant as true and indulging all reasonable inferences in his favor, we find that appellee did not reach the age of legal capacity during the alleged informal marriage. Thus, appellant and appellee could not have entered into a common-law marriage as a matter of law, and the trial court did not abuse its discretion in granting summary judgment. We overrule appellant's issues.

The judgment of the trial court is affirmed.

not contend that appellee's mother filed a sworn, written consent form nor does he argue that appellee obtained a court order to waive the age requirement.