PD-1550-15

PD-1550-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/30/2015 3:21:57 PM
Accepted 12/1/2015 1:43:18 PM
ABEL ACOSTA
CLERK

NO. _____

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

━━━━━━━━━━

# BRANDON ANDERSON

## v.

# THE STATE OF TEXAS

━━━━━━━━━━

From the Waco Court of Appeals
Cause No. 10-14-00182-CR

## APPELLANT BRANDON ANDERSON'S
## PETITION FOR DISCRETIONARY REVIEW

**E. Alan Bennett**
State Bar #02140700
Counsel for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas 76710
Telephone: (254) 772-8022
Telecopier: (254) 772-9297
Email: abennett@slmpc.com

FILED IN
COURT OF CRIMINAL APPEALS

December 1, 2015

ABEL ACOSTA, CLERK

## ORAL ARGUMENT REQUESTED

# Identity of Judge, Parties and Counsel

Appellant, pursuant to Rule of Appellate Procedure 68.4(a), provides the following list of the trial court judge, all parties to the trial court's judgment, and the names and addresses of all trial and appellate counsel.

**THE TRIAL COURT:**

Hon. Patrick H. Simmons                                              Trial Court Judge
77th District Court, Limestone County
P.O. Box 230
Groesbeck, Texas 76642

**THE DEFENSE:**

Brandon Anderson                                                            Appellant

Chad Morgan                                                                Trial Counsel
109 South Mount Street
Fairfield, Texas 75840

E. Alan Bennett                                                       Appellate Counsel
510 North Valley Mills Drive, Suite 500
Waco, Texas  76710

**THE STATE:**

Brody Burks                                          Trial & Appellate Counsel
Beth Toben
Assistant County Attorneys


Roy DeFriend
County Attorney, Limestone County
200 North State Street, Suite 110
Groesbeck, Texas  76642

# Table of Contents

Identity of Judge, Parties and Counsel ............................................................2

Table of Contents ..............................................................................................4

Index of Authorities...........................................................................................6

Statement Regarding Oral Argument................................................................8

Statement of the Case .......................................................................................8

Statement of Procedural History ......................................................................9

Grounds for Review...........................................................................................9

Reasons for Granting Review...........................................................................10

Argument ........................................................................................................11

   1.    The Waco Court of Appeals Impermissibly Shifted the Burden of Proof to Appellant to Disprove an Element of the State's Case. ................11

      A.   As a Matter of Due Process, the State Must Prove Every Element of Its Case Beyond a Reasonable Doubt. ................................................11
      B.   The Family Code Allows Minors to Wed in Two Ways. ................13
      C.   The Waco Court Wrongly Shifted the Burden of Proof to Appellant. ..............................................................................................................15
      D.   The Waco Court Violated Appellant's Right to Due Process........16
      E.   The Court Should Grant Review......................................................17

2. Does the age of a child complainant, standing alone, constitute proof beyond a reasonable doubt of the complainant's marital status? ..............19

    A.    Verdicts Must Be Based on Evidence—Not Speculation. ................19
    B.    The Evidence Regarding Marital Status is Speculative at Best. .....20
    C.    *Chavez* Should Be Reconsidered. ......................................................21
    D.    The Court Should Grant Review........................................................22

Prayer ..............................................................................................................24

Certificate of Compliance ..............................................................................25

Certificate of Service ......................................................................................25

Appendix..........................................................................................................26

# Index of Authorities

## Federal Cases

*Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) .. 12, 15

*In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ............. 11, 21

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) .... 12, 21

*Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)12, 16

## Texas Cases

*Alexander v. State*, 757 S.W.2d 95 (Tex. App.—Dallas 1988, pet. ref'd)... 13, 16

*Anderson v. State*, 416 S.W.3d 884 (Tex. Crim. App. 2013)..............................20

*Anderson v. State*, No. 10-14-00182-CR, 2015 WL 6584041 (Tex. App.—Waco Oct. 29, 2015, pet. filed) ........................................................................ 13, 15, 16

*Brown v. State*, 112 Tex. Crim. 92, 14 S.W.2d 63 (1929) ....................................21

*Byrd v. State*, 336 S.W.3d 242 (Tex. Crim. App. 2011) ............................... 12, 21

*Chavez v. State*, 508 S.W.2d 384 (Tex. Crim. App. 1974)............................ 20, 21

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007)......................................20

*Lewis v. State*, No. 07–99–0058–CR, 1999 WL 989609 (Tex. App.-Amarillo Oct. 25, 1999, no pet.) ..............................................................................................20

*Lowry v. State*, 692 S.W.2d 86 (Tex. Crim. App. 1985)............................... 13, 16

*Salinas v. State*, No. 13–11–00210–CR, 2013 WL 485805 (Tex. App.—Corpus Christi Feb. 7, 2013, pet. ref'd) ........................................................................20

*Tibbets v. State*, No. 03-01-00672-CR, 2002 WL 31386096 (Tex. App.—Austin Oct. 24, 2002, no pet.) ...............................................................................16

*Zewoldermariam v. State*, 730 S.W.2d 354 (Tex. App.—Dallas 1987, no pet.).20

## Texas Statutes

TEX. FAM. CODE § 2.101 ...............................................................................13

TEX. FAM. CODE § 2.102 ...............................................................................13

TEX. FAM. CODE § 2.103 ...............................................................................13

TEX. PEN. CODE § 2.01 ......................................................................... 12, 21

## Rules

TEX. R. APP. P. 66.3 ......................................................................... 10, 17, 18, 22

## Administrative Decisions

Tex. Att'y Gen. Op. No. H-216 (1974) .............................................................13

## Statement Regarding Oral Argument

Oral argument will aid the decisional process. By granting oral argument, counsel may answer questions posed by the judges regarding the extent to which the Waco Court of Appeals impermissibly shifted the burden of proof to Appellant on an element of the State's case. In addition, oral argument will allow for a full presentation and thoughtful discussion regarding the extent to which *Jackson v. Virginia* impacts this Court's prior decision in *Chavez*. For these reasons and to address any other issues, Appellant respectfully requests the opportunity to appear and present oral argument.

## Statement of the Case

A jury convicted Appellant three counts of aggravated sexual assault of a child. The trial court assessed his punishment at 45 years' imprisonment on each count.

## Statement of Procedural History

The Waco Court of Appeals affirmed Appellant's conviction in a unanimous opinion authored by Justice Scoggins that was handed down October 29, 2015. No motion for rehearing was filed.

## Grounds for Review

1. The Waco Court of Appeals Impermissibly Shifted the Burden of Proof to Appellant to Disprove an Element of the State's Case.

2. Does the age of a child complainant, standing alone, constitute proof beyond a reasonable doubt of the complainant's marital status?

## Reasons for Granting Review

The Court should grant discretionary review in this appeal because the Waco Court of Appeals: (1) has issued a decision that conflicts with another court of appeals' decision; (2) has decided important questions of state and federal law that have not been, but should be, settled by this Court; (3) has decided important questions of state and federal law in a way that conflicts with the applicable decisions of this Court and of the Supreme Court of the United States; and (4) has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision. TEX. R. APP. P. 66.3.

# Argument

**1.    The Waco Court of Appeals Impermissibly Shifted the Burden of Proof to Appellant to Disprove an Element of the State's Case.**

Because the offenses alleged occurred before September 1, 2009, the State had to prove beyond a reasonable doubt that the complainant was not the spouse of Appellant. Even though the State wholly failed to offer evidence on this element, the Waco Court of Appeals relied primarily on the absence of evidence regarding the complainant's marital status to hold that the evidence supported a finding on that issue. In other words, the Waco Court impermissibly shifted the burden of proof to Appellant on the issue of the complainant's marital status. This constitutes a blatant violation of Appellant's right (grounded in due process) to require the State to prove every element of its case beyond a reasonable doubt.

**A.    As a Matter of Due Process, the State Must Prove Every Element of Its Case Beyond a Reasonable Doubt.**

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). As the Supreme Court clarified nine years later, the "facts necessary" are the elements of the offense charged.

Thus, "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of **every element of the offense**." *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis added); *accord Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011).

The Legislature has codified this constitutional requirement. *See* TEX. PEN. CODE § 2.01.

For this reason, a conviction is obtained in violation of the Due Process clause when a trial court or appellate court employs some device that shifts the burden of proof to the defendant on an element of the offense. Sometimes this occurs via statutory presumptions. *See, e.g.*, *Francis v. Franklin*, 471 U.S. 307, 313, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) (the reasonable-doubt standard enunciated in *Winship* "prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element"); *Patterson v. New York*, 432 U.S. 197, 215, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) (State "may not shift the burden of proof to the defendant by

presuming [an element] upon proof of the other elements of the offense");
*Alexander v. State*, 757 S.W.2d 95, 98 (Tex. App.—Dallas 1988, pet. ref'd).

This Court has found an unconstitutional shifting of the burden of proof in the criminal non-support statute when it provided for an affirmative defense of inability to pay even though ability to pay was an element of the offense. *Lowry v. State*, 692 S.W.2d 86, 87 (Tex. Crim. App. 1985).

Here, the Waco Court has relied on inferences that it derived from the absence of evidence to find sufficient evidence to support an element of the State's case. *Anderson v. State*, No. 10-14-00182-CR, 2015 WL 6584041, at *3-4 (Tex. App.—Waco Oct. 29, 2015, pet. filed). Appellant contends that, when the court did so, it unconstitutionally shifted the burden of proof to Appellant via the mechanism of appellate inferences.

## B. The Family Code Allows Minors to Wed in Two Ways.

Generally, a person cannot marry until he or she is 18. TEX. FAM. CODE § 2.101. But there are statutory exceptions.

First, a person 16 years or older can marry with parental consent. *Id.* § 2.102.

And second, a person younger than 18 can petition for a court order to marry. *Id.* § 2.103; *see also* Tex. Att'y Gen. Op. No. H-216 (1974).

Under the evidence offered at trial, it can be readily inferred that the complainant did not marry Appellant under either of the first two scenarios—she was not 16 (or 18) at the time of the alleged offenses.[1]

Appellant argued in the court below (and continues to argue) that, when the State fails to offer affirmative evidence of a child complainant's marital status,[2] the evidence is insufficient to prove that status beyond a reasonable doubt unless the record demonstrates that none of the alternatives by which the complainant could have been lawfully married in fact exist.

Here, the record is silent regarding whether the complainant and Appellant were lawfully married by court order. Thus, the State failed to prove beyond a reasonable doubt that the complainant was not Appellant's spouse.

---

[1]     The complainant was 7 years' old at the time of the alleged offenses.

[2]     This issue could be resolved by a simple question, but the State failed to ask that question and now seek to rely on speculation and guesswork to prove what they failed to prove at trial.

## C.    The Waco Court Wrongly Shifted the Burden of Proof to Appellant.

Ironically, the Waco Court correctly observed that "the State, rather than Anderson, had the burden of showing that C.G. and Anderson were not married." *Anderson*, 2015 WL 6584041, at *3. But then, the court turned around and implicitly faulted Appellant for failing to present proof of a court order issued under section 2.103 of the Family Code. Thus, the Waco Court concluded in part that, "because the record does not support an inference of a court order allowing C.G. and Anderson to marry," a rational factfinder could have determined beyond a reasonable doubt that she was not his spouse. *Id.*, 2015 WL 6584041, at *4.

The Waco Court also relied on (1) the absence of a reference to the marriage in the complainant's family tree, and (2) the complainant's age to reach this conclusion. *Id.*

With regard to the first two factors considered by the Waco Court (lack of court order and lack of entry in family tree), the court clearly relied on the absence of evidence of marriage—implicitly placing the burden of proof on Appellant to prove they were married rather than requiring the State to prove beyond a reasonable doubt that they were not. This represents an impermissible shifting of the burden of proof to Appellant. *See Francis*, 471

U.S. at 313; *Patterson*, 432 U.S. at 215; *Lowry*, 692 S.W.2d at 87; *Alexander*, 757 S.W.2d at 98.

The Waco Court cited a decision by the Austin Court of Appeals that likewise relied on the absence of evidence on this issue and thereby impermissibly shifted the burden of proof to the appellant. *See Anderson*, 2015 WL 6584041, at *3 (citing *Tibbets v. State*, No. 03-01-00672-CR, 2002 WL 31386096, at *6 (Tex. App.—Austin Oct. 24, 2002, no pet.) (evidence sufficient where "there is no inference in the evidence of any such court order. In fact, there is no inference of any legal marriage between appellant and the complainant"). To put it simply, this shifting of the burden of proof to the appellant on an element of the State's case violated these appellants' rights to due process.

## D.    The Waco Court Violated Appellant's Right to Due Process.

It is a violation of due process and fundamental fairness for an appellate court to rely on the absence of evidence to infer that the State proved an element of its case. Referring to and relying on this absence of evidence necessarily faults the defense for failing to produce affirmative evidence on an element of the State's case. This Court must not condone such practices.

Here, the Waco Court of Appeals did this very thing when it relied on the absence of evidence of a court order authorizing marriage and the lack of an entry in the complainant's family tree regarding any marriage between them to conclude that the evidence was sufficient to prove Appellant and the complainant were not married. This constitutes a serious violation of Appellant's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

**E.    The Court Should Grant Review.**

The Court should grant review of this issue for most of the reasons listed in Rule 66.3.  *See* TEX. R. APP. P. 66.3.

The Waco Court's decision appears to conflict with the decision of the Dallas Court in *Alexander*. *Id.* 66.3(a).

The issue of whether an appellate court may infer the lack of a marriage—an element of the State's case—from the absence of evidence is an important question of state and federal law that has not been but should be decided by this Court.  *Id.* 66.3(b).

The Waco Court has decided an important question of state and federal law in a way that appears to conflict with the applicable decisions of this Court and of the Supreme Court of the United States. *Id.* 66.3(c).

With all due respect, the Waco Court's decision so far departs from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision.[3] *Id.* 66.3(f).

For each of these reasons, this Court should grant this ground for discretionary review.

---

[3] Even if the Court rejects Appellant's contention set forth in the Second Ground, the Court must not countenance the impermissible burden-shifting at work in the Waco Court's decision. Otherwise, the same result will obtain in the case of a 15-year-old where the evidence of the complainant's age is far less persuasive.

**2.    Does the age of a child complainant, standing alone, constitute proof beyond a reasonable doubt of the complainant's marital status?**

Because the offenses alleged occurred before September 1, 2009, the State had to prove beyond a reasonable doubt that the complainant was not the spouse of Appellant. Even though the State wholly failed to offer evidence on this element, the Waco Court of Appeals held that the complainant's age, standing alone, was sufficient to satisfy the State's burden of proof. The Waco Court ultimately relied on rank speculation without any tangible evidence to conclude that the jury could infer from the complainant's age alone that she was not Appellant's spouse. In view of the State's failure to offer any evidence on this element, the evidence is legally insufficient and Appellant is entitled to rendition of a judgment of acquittal.

**A.    Verdicts Must Be Based on Evidence—Not Speculation.**

The standard of review for sufficiency of the evidence allows for an appellate court to presume that the factfinder derived reasonable inferences from the evidence presented. However, verdicts cannot be upheld on guesswork and speculation.

> Juries are permitted to draw multiple reasonable inferences from the evidence as long as each inference is supported by the evidence presented at trial, but they are not permitted to draw

conclusions based on speculation. In *Hooper*, we explained that "an inference is a conclusion reached by considering other facts and deducing a logical consequence from them. Speculation is mere theorizing or guessing about the possible meaning of the facts and evidence presented." While a conclusion that is reached by speculation may not be completely unreasonable, such conclusion is not sufficiently based upon facts or evidence to support a conviction beyond a reasonable doubt.

*Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013) (quoting *Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007)).

## B.     The Evidence Regarding Marital Status is Speculative at Best.

When the Court removes the dross of improper burden-shifting, the only thing remaining is the complainant's age. Appellant readily acknowledges a number of cases in which this Court and others have held that a complainant's marital status may be inferred from his or her age.[4] While this is admittedly a plausible inference, with all due respect it basically rewards the State for failing to prove its case when an appellate court derives this inference. It also flies in the face of this Court's decisions prohibiting verdicts based on "mere theorizing or guessing."

---

[4]     *See, e.g., Chavez v. State*, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974); *Salinas v. State*, No. 13–11–00210–CR, 2013 WL 485805, at *2 (Tex. App.—Corpus Christi Feb. 7, 2013, pet. ref'd); *Lewis v. State*, No. 07–99–0058–CR, 1999 WL 989609, at *1 (Tex. App.–Amarillo Oct. 25, 1999, no pet.); *Zewoldermariam v. State*, 730 S.W.2d 354, 354 (Tex. App.—Dallas 1987, no pet.).

Appellate courts do not exist to rubber-stamp jury verdicts or play back-up for the State. Rather, appellate courts are charged with insuring that the rights of the defendant are scrupulously honored, including the constitutional requirement that the State prove **every element** of its case beyond a reasonable doubt. *See Winship*, 397 U.S. at 364; *Jackson*, 443 U.S. at 316; *Byrd*, 336 S.W.3d at 246; *see also* TEX. PEN. CODE § 2.01.

For these reasons, Appellant contends that the Waco Court erred by holding that the complainant's age, standing alone sufficed to sustain the State's burden of proving beyond a reasonable doubt that the complainant was not Appellant's spouse.

## C. *Chavez* **Should Be Reconsidered.**

In *Chavez*, this Court held (relying on a 1929 decision) that, because the evidence established that the complainant was 8 years' old, "no further testimony would be needed to establish the fact that she was not appellant's wife." *Chavez v. State*, 508 S.W.2d 384, 386-87 (Tex. Crim. App. 1974) (citing *Brown v. State*, 112 Tex. Crim. 92, 14 S.W.2d 63, 67 (1929)). However, the Court decided *Chavez* before the Supreme Court's landmark decision in *Jackson v. Virginia* regarding the standard for appellate review for sufficiency

of the evidence. Therefore, Appellant asks the Court to reconsider *Chavez* in view of the Supreme Court's later holding in *Jackson*.

**D. The Court Should Grant Review.**

The Court should grant review of this issue for several of the reasons listed in Rule 66.3. *See* TEX. R. APP. P. 66.3.

The issue of whether a child complainant's age, standing alone, is sufficient to establish the marital status of the complainant (in view of the standard announced in *Jackson v. Virginia*) presents an important question of state and federal law that has not been, but should be, settled by this Court. *Id.* 66.3(b).

The Waco Court has decided an important question of state and federal law in a way that appears to conflict with the applicable decisions of this Court, namely, *Anderson* and *Hooper*, and of the Supreme Court of the United States, namely *Winship* and *Jackson*. *Id.* 66.3(c).

With all due respect, the Waco Court's decision so far departs from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision, particularly insofar as the Waco Court failed to address the merits of the complaint. *Id.* 66.3(f).

For each of these reasons, this Court should grant this ground for discretionary review.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Appellant Brandon Anderson asks the Court to: (1) grant review on the issues presented in this petition for discretionary review; and (2) grant such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

_/s/ Alan Bennett_
E. Alan Bennett
SBOT #02140700
Counsel for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas  76710
Telephone:      (254) 772-8022
Fax:            (254) 772-9297
Email:      abennett@slmpc.com

## Certificate of Compliance

The undersigned hereby certifies, pursuant to Rule of Appellate Procedure 9.4(i)(3), that this computer-generated document contains 3,627 words.

    */s/ Alan Bennett*
E. Alan Bennett

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of this brief was served electronically on November 30, 2015 to: (1) counsel for the State, Brody Burks, brody.burks@co.limestone.tx.us; and (2) the State Prosecuting Attorney, lisa.mcminn@SPA.texas.gov.

    */s/ Alan Bennett*
E. Alan Bennett

# Appendix

Opinion of Waco Court of Appeals:

> *Anderson v. State*, No. 10-14-00182-CR, 2015 WL 6584041 (Tex. App.—Waco Oct. 29, 2015, pet. filed)



# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00182-CR

**BRANDON ANDERSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 77th District Court
Limestone County, Texas
Trial Court No. 13266-A**

## MEMORANDUM  OPINION

In three issues, appellant, Brandon Anderson, challenges his convictions for three counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2014). Specifically, Anderson contends that: (1) the evidence is insufficient to prove the child victim, C.G., was a "child" because the State offered no evidence that she was not his spouse; (2) the trial court abused its discretion by restricting his cross-examination of C.G.; and (3) the trial court erred by failing to properly define the terms

"intentionally" and "knowingly" in the jury charge. Because we reject all of Anderson's complaints on appeal, we affirm.[1]

## I.   SUFFICIENCY OF THE EVIDENCE

In his first issue, Anderson argues that the evidence is insufficient to support his convictions because the State did not proffer any evidence demonstrating that C.G. was not his spouse, even though the operative statute at the time of the offenses required the State to do so.

## A.   Applicable Law

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case. *See* TEX. R. APP. P. 47.1, 47.4.

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

**B.    Discussion**

The statute referring to aggravated sexual assault—section 22.021 of the Penal Code—cross references section 22.011(c) of the Penal Code for the definition of "child."

*See* TEX. PENAL CODE ANN. § 22.011(c) (West 2011); *see also id.* § 22.021(b)(1). The current version of section 22.011(c) provides that a "[c]hild" is "a person younger than 17 years of age." *See id.* § 22.011(c). However, it is undisputed that the offenses occurred in 2008 and early 2009 when C.G. was six or seven years old. Therefore, because of the dates of the alleged offenses, a prior statutory definition of "child" applies. Specifically, under the predecessor statute to section 22.011(c), "'[c]hild' means a person younger than 17 years of age who is not the spouse of the actor." Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5314 (amended 2009) (current version at TEX. PENAL CODE. ANN. § 22.011(c) (West 2011)). In other words, the State was required in this case to prove beyond a reasonable doubt that C.G. was not only younger than seventeen years of age but also that she was not Anderson's spouse. *See id.*

"Spouse" is defined as "a person who is legally married to another." TEX. PENAL CODE ANN. § 22.011(c)(2). This statutory provision has been in effect since 1995. *See* Act of May 16, 1995, 74th Leg., R.S., ch. 273, § 1, 1995 Tex. Gen. Laws 2611, 2611. But, to understand how one becomes the spouse of another, we look to several provisions of the Family Code.

Generally, one must be at least eighteen years old to marry. *See* TEX. FAM. CODE ANN. § 2.101 (West 2006); *see also Barton v. State*, No. 10-06-00156-CR, 2007 Tex. App. LEXIS 5685, at *10 (Tex. App.—Waco July 18, 2007, no pet.) (not designated for publication). However, under section 2.012 of the Family Code, a minor can apply for a

marriage license if the applicant is sixteen years of age or older but under eighteen years of age. *See* TEX. FAM. CODE ANN. § 2.102(a) (West Supp. 2014); *see also Barton*, 2007 Tex. App. LEXIS 5685, at *10.

Texas law also recognizes informal or "common law" marriages that are proved by a showing that the parties: (1) entered into an agreement to be married; (2) cohabitated as a married couple; and (3) held each other out publicly as spouses. *See* TEX. FAM. CODE ANN. § 2.401(a)(2) (West 2006); *see also Kingery v. Hintz*, 124 S.W.3d 875, 877 (Tex. App.— Houston [14th Dist.] 2003, pet. ref'd). "However, there is a crucial prerequisite; both parties must possess the legal capacity to marry." *Kingery*, 124 S.W.3d at 877 (citing *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 749-50 (Tex. App.—Corpus Christi 1998, pet. denied)); *see also* TEX. FAM. CODE ANN. § 2.401(c)(1) (stating that a person under the age of eighteen may not be a party to an informal marriage).

Finally, under section 2.103 of the Family Code, "[a] minor may petition the court in the minor's own name for an order granting permission to marry." TEX. FAM. CODE ANN. § 2.103(a) (West Supp. 2014). "If after a hearing the court, sitting without a jury, believes marriage to be in the best interest of the minor, the court, by order, shall grant the minor permission to marry." *Id.* § 2.103(f).

On appeal, Anderson concedes that the only marriage option that applies in this case is the one provided by section 2.103. Specifically, Anderson argues that this Court's decision in *Barton* is wrong because it failed to consider the possibility of an underage

child getting married under section 2.103.[2]   Additionally, Anderson asserts that the evidence supporting his conviction is insufficient because the State did not proffer any evidence regarding C.G.'s marital status, and because C.G. and Anderson could have been married under section 2.103.

At trial, the State did not elicit any testimony as to whether C.G. and Anderson were married at the time of the incidents.  Anderson testified that he was married to April Michelle Davis at the time of trial and that he met April "sometime in 2009"; however, the State did not elicit any testimony as to whether Anderson was married at the time of the incidents or if he had been previously married.  In any event, the record did include a family tree that showed all of the marital and child-bearing relationships in the family. The family tree specifically showed that C.G. and Anderson are fourth cousins, once removed.  Moreover, the family tree did not show any direct link between C.G. and Anderson that would have existed had the two been married at some point.

---

[2] Given that the Court of Criminal Appeals and many of our sister courts have held that evidence that child victims are under the age of sixteen at the time of the events that form the basis of the offense is sufficient to circumstantially prove that appellant is not married to the child victim, we are not persuaded to overrule this Court's decision in *Barton*.  *See Chavez v. State*, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974); *Strahan v. State*, 306 S.W.3d 342, 348 (Tex. App.—Fort Worth 2010, pet. ref'd); *Rodriguez v. State*, 939 S.W.2d 211, 217-18 (Tex. App.—Austin 1997, no pet.); *Meyers v. State*, 737 S.W.2d 6, 8-9 (Tex. App.—Corpus Christi 1987, no pet.); *Zewoldermariam v. State,* 730 S.W.2d 354, 354 (Tex. App.—Dallas 1987, no pet.); *see also Salinas v. State*, No. 13-11-00210-CR, 2013 Tex. App. LEXIS 1130, at *4 (Tex. App.—Corpus Christi Feb. 7, 2013, pet. ref'd) (mem. op. not designated for publication); *Barton v. State*, No. 10-06-00156-CR, 2007 Tex. App. LEXIS 5685, at *10 (Tex. App.—Waco July 18, 2007, no pet.) (not designated for publication); *Tibbetts v. State*, No. 03-01-00672-CR, 2002 Tex. App. LEXIS 7548, at **18-19 (Tex. App.—Austin Oct. 24, 2002, no pet.) (not designated for publication); *Lewis v. State*, No. 07-99-0058-CR, 1999 Tex. App. LEXIS 7949, at *2 (Tex. App.—Amarillo Oct. 25, 1999, no pet.) (not designated for publication).

While we recognize that the State, rather than Anderson, had the burden of showing that C.G. and Anderson were not married at the time of the incidents, it is noteworthy that the record does not contain any evidence or mentioning of a possible court order allowing C.G. and Anderson to marry. *See Alexander v. State*, 757 S.W.3d 95, 98 (Tex. App.—Dallas 1988, pet. ref'd) ("Because the State must prove each element of the offense beyond a reasonable doubt, it may not shift the burden of proof to the defendant by presuming one element upon proof of the other elements of the offense."); *see also Tibbetts v. State*, No. 03-01-00672-CR, 2002 Tex. App. LEXIS 7548 at **20-21 (Tex. App.—Austin Oct. 24, 2002, no pet.) (not designated for publication) (concluding that a rational factfinder could have found beyond a reasonable doubt that the complainant was not the spouse of appellant where the record did not contain an inference of a court order allowing a minor-applicant to get married, nor an "inference of any legal marriage between appellant and the complainant—ceremonial, common law, or (informal under the Family Code)").

Therefore, because the record does not support an inference of a court order allowing C.G. and Anderson to marry, the family tree did not show that C.G. and Anderson were married, and because C.G. was seven years old at the time of the incidents, we believe that a rational factfinder could have found that C.G. was not Anderson's spouse at the time of the incidents beyond a reasonable doubt. *See Strahan v. State*, 306 S.W.3d 342, 348 (Tex. App.—Fort Worth 2010, pet. ref'd) (holding that because

the victim was ten years old at the time of the offense and made an outcry that "her dad" was raping her, the evidence was sufficient to establish that she was not married to him); *Rodriguez v. State*, 939 S.W.2d 211, 217-18 (Tex. App.—Austin 1997, no pet.); *Meyers v. State*, 737 S.W.2d 6, 8-9 (Tex. App.—Corpus Christi 1987, no pet.); *Zewoldermariam v. State*, 730 S.W.2d 354, 354 (Tex. App.—Dallas 1987, no pet.) ("However, the complainant was eleven years old; this is sufficient to establish that she was not his wife." (citing *Chavez v. State*, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974) ("The proof in this case showing the prosecutrix to be the tender age of 8 years, no further testimony would be needed to establish the fact that she was not appellant's wife."))); *see also Salinas v. State*, No. 13-11-00210-CR, 2013 Tex. App. LEXIS 1130, at *4 (Tex. App.—Corpus Christi Feb. 7, 2013, pet. ref'd) (mem. op. not designated for publication) ("All four of the minor victims in this case . . . testified for the State without contradiction that they were below the age of sixteen at the time of the events that form the bases of the offenses. We agree with the Court of Criminal Appeals, our sister courts, and our own precedent that this fact alone is sufficient to circumstantially prove that appellant was not married to any of them."); *Tibbetts*, 2002 Tex. App. LEXIS 7548, at **18-19 (noting that circumstantial evidence may be used to prove that a complainant was not the spouse of the defendant in an aggravated-sexual-assault-of-a-child case); *Lewis v. State*, No. 07-99-0058-CR, 1999 Tex. App. LEXIS 7949, at *2 (Tex. App.—Amarillo Oct. 25, 1999, no pet.) (not designated for publication) ("Testimony revealed that the victim was only seven years old when

appellant sexually assaulted her. That alone constituted sufficient evidence upon which a rational jury could have found beyond a reasonable doubt that the appellant and his victim of tender years were not husband and wife."). Accordingly, we hold that the evidence supporting Anderson's conviction is sufficient. *See Lucio*, 351 S.W.3d at 894. We overrule Anderson's first issue.

## II. THE CROSS-EXAMINATION OF C.G.

In his second issue, Anderson contends that the trial court abused its discretion by restricting his cross-examination of C.G. In particular, Anderson complains that the trial court improperly sustained the State's relevance objection during his questioning of C.G. regarding whom she was playing with on the evening of the first alleged instance of sexual assault.

### A. Standard of Review

We review the trial court's admission or exclusion of evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). The trial court has broad discretion in determining the proper outcry witness, and its determination will not be disturbed absent an abuse of discretion. *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd) (citing *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); *Schuster v. State*, 852 S.W.2d 766, 768 (Tex. App.—Fort Worth 1993, pet. ref'd)). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). We consider the ruling in light of what was before the trial court at the time the ruling was made and

uphold the trial court's decision if it lies within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009).

**B.      Applicable Law**

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. This procedural guarantee applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 1067-68, 13 L. Ed. 2d 923 (1965); *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008).

The Sixth Amendment protects the defendant's right not only to confront the witnesses against him, but to cross-examine them as well. *See Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110, 39 L. Ed. 347 (1974). "The exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis*, 415 U.S. at 316-17; 94 S. Ct. at 1110. The accused is entitled to great latitude to show a witness' bias or motive to falsify his testimony. *See Hodge v. State*, 631 S.W.2d 754, 758 (Tex. Crim. App. [Panel Op.] 1982).

However, the right of cross-examination is not unlimited. The trial court retains wide latitude to impose reasonable limits on cross-examination. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S. Ct. 1431, 1434-35, 89 L. Ed. 674 (1986). The trial court must carefully consider the probative value of the evidence and weigh it against the risks of admission. *See Hodge*, 631 S.W.2d at 758. These potential risks include "the possibility of undue prejudice, embarrassment or harassment to either a witness or a party, the

possibility of misleading or confusing a jury, and the possibility of undue delay or waste of time." *Id.*; *see Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000); *see also Chambers v. State*, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993). Moreover, "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, or to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S. Ct. 292, 294, 88 L. Ed. 15 (1985) (emphasis in original); *see Walker v. State*, 300 S.W.3d 836, 844-45 (Tex. App.—Fort Worth 2009, pet. ref'd).

With regard to the wide latitude afforded trial judges in limiting cross-examination, the Court of Criminal Appeals has explained:

> This latitude is exceeded only when the trial court exercises its discretion to so drastically curtail the defendant's cross-examination as to leave him unable to make the record from which to argue why [the witness] might have been biased or otherwise lacked that degree of impartiality expected of a witness at trial. This kind of trial-court error is most conspicuous, of course, when the trial court entirely forecloses the defense from exposing— prohibits all inquiry into—a prototypical form of bias. But it may also be subtler, such as when the only record-making permitted the defense is so circumscribed that a reasonable jury might have received a significantly different impression of [the witness's] credibility had [the defendant's] counsel been permitted to pursue his proposed line of cross-examination.

*Johnson v. State*, 433 S.W.3d 546, 555 (Tex. Crim. App. 2014) (internal citations & quotations omitted).

## C. Discussion

At trial, C.G., who was thirteen years old at the time of trial, testified about multiple incidents of sexual abuse allegedly perpetrated by Anderson. On cross-examination, Anderson questioned C.G. about the events leading up to the first alleged

sexual assault that occurred at night in the trailer where C.G. lived. Anderson's counsel established that C.G. was seven years old at the time of the first incident, even though C.G. testified on direct examination that the incident transpired when she was six years old. Next, Anderson's counsel questioned C.G. about who slept in the trailer on the night of the first assault, who lived in the trailer, and where each person slept. For further clarification, Anderson's counsel had C.G. draw a picture of the configuration of the trailer. Anderson's counsel then asked C.G. if the assault took place during the school year or during the summer. C.G. could not remember. C.G. also could not remember whether it was hot or cold outside on the night of the assault. Additionally, Anderson's counsel also questioned C.G. about whether she took a bath or shower that night, if she braided her hair that day or wore it down, what clothes she wore, what type of wallpaper was in the trailer, whether the windows to the trailer were covered, and what type of sheet or blanket she used in the bed. All of these questions were designed to gauge C.G.'s recollection of details on the day and night of the first assault. C.G. could not recall some of the details referenced in the questions.

Later, when asked what Anderson was doing around the trailer that day, C.G. stated that she could not remember because she "wasn't around him." When asked to clarify, C.G. testified that she "was outside playing." Thereafter, Anderson's counsel asked who C.G. was playing with that day. The State objected on relevancy grounds, and the trial court sustained the State's objection.

A review of the record shows that Anderson's counsel asked numerous questions of C.G. to establish her recollection of details on the day and night of the first assault. It is not the case that Anderson was foreclosed from inquiring about C.G.'s memory of the day and night in question. As stated earlier, C.G. could not recall some of the details referenced in those questions. On appeal, Anderson asserts that he should have been able to question C.G. about whom she was playing with because the testimony of those children, if any, could have discredited C.G.'s testimony. However, C.G.'s answers to the numerous questions posed by Anderson's counsel established that she could not recall some of the details leading up to the first assault. Thus, any testimony from C.G.'s playmates on the day in question would have bolstered that which was already established—that C.G. could not remember all of the details leading up to the first assault.[3] Furthermore, there is no indication in the record that C.G.'s purported playmates slept over on the night in question so that they could offer testimony about the sexual assault itself. We therefore conclude that this line of questioning was unnecessary, irrelevant, and, if allowed, would have caused undue delay. *See* TEX. R. EVID. 401 (providing that evidence is relevant if it has any tendency to make more probable or less

---

[3] To the extent that it can be argued that this line of questioning was relevant, we believe that counsel's questions were an attempt to bolster that which was already established—the fact that C.G. could not remember all of the details leading up to the first assault. Accordingly, the trial court could have excluded the testimony under Texas Rule of Evidence 403, which allows for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *See* TEX. R. EVID. 403.

probable the existence of a consequential fact); *Webb v. State*, 991 S.W.2d 408, 418 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (noting that "[i]f the trial court determines the evidence is irrelevant, the evidence is absolutely inadmissible and the trial court has no discretion to admit it" and that "[q]uestions of relevance should be left largely to the trial court and will not be reversed absent an abuse of discretion"); *see also Van Arsdall*, 475 U.S. at 678, 106 S. Ct. at 1434-35; *Lopez*, 18 S.W.3d at 222; *Chambers*, 866 S.W.2d at 27. Accordingly, we cannot say that the trial court abused its discretion in sustaining the State's objection and thereby excluding this line of questioning. *See De La Paz*, 279 S.W.3d at 343; *Prible*, 175 S.W.3d at 731. We overrule Anderson's second issue.

### III.     THE JURY CHARGE

In his third issue, Anderson argues that the trial court erred by failing to properly define the terms "intentionally" and "knowingly" in the jury charge. Specifically, Anderson asserts that the charge definitions of "intentionally" and 'knowingly" were not properly limited in accordance with the offenses charged—aggravated sexual assault of a child, a conduct-oriented offense.

### A.     Applicable Law

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly

preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

The record reflects that Anderson did not object to the jury charge; thus, he must show egregious harm. *See Almanza*, 686, S.W.2d at 171. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

**B.    Discussion**

Here, the State concedes that the jury charge did not properly limit the definitions of "intentionally" and "knowingly"; therefore, we must determine whether the error in the charge egregiously harmed Anderson. In doing so, we consider the entire jury charge,

the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record. *See Olivas*, 202 S.W.3d at 144.

### 1. The Entire Jury Charge

In the definitions portion of the jury charge, the trial court defined "intentionally" and "knowingly" as follows:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
>
> A person acts knowingly or with knowledge, with respect to the nature of his conduct when he is aware of the nature of his conduct. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

However, in the application portion of the charge, the trial court correctly limited the culpable mental states to their relevant conduct elements as to each count.[4] *See Gonzales v. State*, 304 S.W.3d 838, 848 (Tex. Crim. App. 2010) (stating that aggravated sexual assault is a conduct-oriented offense); *see also Reed v. State*, 412 S.W.3d 24, 28-29 (Tex. App.—Waco 2013, pet. ref'd) ("This Court has stated that aggravated sexual assault is a conduct-

---

[4] For Count 1, the application portion of the jury charge provided the following:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 14th day of February, 2008, in Limestone County, Texas, the Defendant, Brandon Anderson, did then and there, intentionally or knowingly, cause the sexual organ of [C.G.] to be penetrated by the finger of the Defendant, and at the time, [C.G.] was a child who was then and there younger than fourteen (14) years of age, then you will find the Defendant guilty of Aggravated Sexual Assault of a Child, as charged in Count 1 of the indictment.

The application instructions for Counts 2 and 3 were substantially similar to the one provided for Count 1.

oriented offense in which the focus of the offense is on whether the defendant acted intentionally or knowingly with respect to the nature of his conduct rather than the result of his conduct.").

The Court of Criminal Appeals has held that an error in the abstract portion of the jury charge is not egregious where the application paragraph correctly instructs the jury. *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *see Patrick v. State*, 906 S.W.2d 481, 493 (Tex. Crim. App. 1995); *see also Davis v. State*, No. 05-13-00200-CR, 2014 Tex. App. LEXIS 4778, at *33 (Tex. App.—Dallas May 1, 2014, pet. ref'd) (not designated for publication) ("Where the application paragraph of the charge correctly instructs the jury on the law applicable to the case, this mitigates against a finding that error in the abstract portion of the jury charge was egregious."). Furthermore, the inclusion of merely superfluous abstraction never produces reversible error in the court's charge because it has no effect on the jury's ability to implement fairly and accurately the commands of the application paragraph or paragraphs. *See Plata v. State*, 926 S.W.2d 300, 302-03 (Tex. Crim. App. 1996), *overruled on other grounds by Malik*, 953 S.W.2d at 234; *see also Garcia v. State*, No. 10-14-00028-CR, 2015 Tex. App. LEXIS 2175, at **5-6 (Tex. App.—Waco Mar. 5, 2015, pet. ref'd) (mem. op., not designated for publication). Because the application portion of the jury charge in this case correctly tailored the culpable-mental-state definitions to relate specifically to Anderson's conduct and not the result, we cannot say that this factor weighs in favor of a finding of egregious harm. *See Gelinas v. State*, 398 S.W.3d 703, 710

(Tex. Crim. App. 2013) (noting that the *Almanza* analysis "is a fact specific one which should be done on a case-by-case basis"); *Olivas*, 202 S.W.3d at 144; *Medina*, 7 S.W.3d at 640; *Plata*, 926 S.W.2d at 302-03; *see also McCarty v. State*, No. 10-13-00066-CR, 2013 Tex. App. LEXIS 12407, at *7 (Tex. App.—Waco Oct. 3, 2013, pet. ref'd) (mem. op., not designated for publication) (declining to find that appellant was egregiously harmed because "the application paragraph of the charge served to limit the culpable mental states to their relevant conduct elements").

## 2. The State of the Evidence

In arguing that the State's case was weak, Anderson asserts that he vigorously contested the State's evidence with evidence of other explanations for the allegations. Additionally, Anderson argued that the total lack of physical evidence to corroborate the allegations and the fact that the jury took nearly five hours to reach a verdict further indicates the weakness of the State's case.

We are not persuaded by Anderson's arguments. It is well-established that a child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014); *see also Cantu v. State*, 366 S.W.3d 771, 775 (Tex. App.—Amarillo 2012, no pet.); *Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). Furthermore,

> courts will give wide latitude to testimony given by child victims of sexual abuse. The victim's description of what happened need not be precise, and

the child is not expected to communicate with the same level of sophistication as an adult. Corroboration of the victim's testimony by medical or physical evidence is not required.

*Cantu*, 366 S.W.3d at 776 (internal citations omitted).

Here, C.G. testified about multiple incidents of sexual assault perpetrated by Anderson. To the extent that other evidence presented at trial conflicts with the testimony of C.G., we note that a jury may believe all, some, or none of any witness's testimony. *See Chambers*, 805 S.W.2d at 461. And by finding Anderson guilty, the jury obviously believed C.G.'s version of the incidents, and we are to defer to the jury's resolution of such conflicts in the evidence. *See id.*; *see also Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008). As such, based on C.G.'s testimony, Anderson's convictions are supported by sufficient evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *see also Lucio*, 351 S.W.3d at 894; *Cantu*, 366 S.W.3d at 775-76. Therefore, we cannot say that this factor weighs in favor of egregious harm. *See Gelinas*, 398 S.W.3d at 710; *see also Olivas*, 202 S.W.3d at 144.

### 3. Final Arguments

With respect to final arguments, neither party focused on the culpable mental states. Instead, the arguments of the parties centered on whether the assaults occurred at all. Anderson concedes that this factor does not weigh in favor of egregious harm. *See Gelinas*, 398 S.W.3d at 709; *see also Olivas*, 202 S.W.3d at 144.

### 4. Other Relevant Information

Finally, Anderson asserts that this case presents unique circumstances that support a finding of egregious harm. However, we have already addressed the circumstances mentioned by Anderson—namely, the tailoring of the definitions of "intentionally" and "knowingly." Because Anderson does not raise any new information that is relevant to this factor, we cannot say that this factor weighs in favor of egregious harm. *See Gelinas*, 398 S.W.3d at 709; *see also Olivas*, 202 S.W.3d at 144.

**5.    Summary**

Based on the foregoing, we do not find any of the *Olivas* factors to weigh in favor of egregious harm in this case. *See* 202 S.W.3d at 144. We therefore cannot conclude that the error in failing to limit the culpable mental states in the abstract portion of the jury charge resulted in egregious harm to Anderson. *See id.*; *see also Almanza*, 686 S.W.2d at 171. Accordingly, we overrule Anderson's third issue.

## IV.    CONCLUSION

Having overruled all of Anderson's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 29, 2015
Do not publish
[CRPM]

